367 So.2d 186 (1979)
Jerry W. RAY, John L. Lester and Annie M. Lester
v.
ACME FINANCE CORPORATION.
No. 50489.
Supreme Court of Mississippi.
February 7, 1979.
Jimmie H. Fields, Meridian, for appellant.
*187 Goldman & Goldman, Robert M. Dreyfus, Jr., Meridian, for appellee.
Before PATTERSON, C.J., and WALKER and BOWLING, JJ.
EN BANC
WALKER, Justice, for the Court:

ON PETITION FOR REHEARING
WALKER, JUSTICE, FOR THE COURT:
The petition for rehearing is denied. However, after considering the briefs on the petition for rehearing and those in response, we note that the liability of Acme to Annie Lester under the Truth-in-Lending counterclaim was not argued before this Court. Therefore, the opinion is modified so as to delete all references to Annie Lester in Part IV of the opinion on that issue.
Opinion withdrawn and modified opinion substituted:
Acme sued to collect on a promissory note in default. Defendants Jerry W. Ray, John L. Lester and Annie M. Lester counterclaimed alleging violation of the Truth-in-Lending Act, 15 U.S.C. section 1601 et seq. (1976). The County Court of Lauderdale found the debt to be in default and awarded Acme principal and interest of $897.69 and attorney fees of $200.00. The counterclaim of defendants was dismissed with prejudice. On appeal to the Circuit Court of Lauderdale County, the decision of the County Court was affirmed.
Appellants assigned numerous grounds of error. Due to the decision of this Court, it is necessary to consider only four:
(1) Was there fraud perpetrated by Acme in the procurement of the loan?
(2) Was the loan usurious?
(3) Was the loan void as to Ray, since he was a minor when the contract was made?
(4) Was there a violation of the Federal Truth-in-Lending Act by Acme?
Jerry Ray, who was twenty years old, attempted to borrow money for the purchase of a car. He was informed by Acme a loan would be granted if his mother and stepfather cosigned the loan with him. The loan agreement was subsequently entered into with the three defendants as comakers of the loan. Six payments were made on the loan by either Jerry or his mother. After the sixth, Jerry wrecked the car and the defendants refused to make further payments allegedly because they had been told there was collision insurance which would cover the loan.
Jerry Ray's testimony is the only evidence of fraud in the procurement of the loan contract. He testified the loan agent, Tinsley, told him that the automobile collision insurance was included in the loan. In contradiction, the loan documents do not reflect collision insurance and Tinsley testified, "I don't believe he was led by our corporation or the promissory note or disclosure statement [to believe] that he had any type of automobile insurance." Moreover, codefendants, John and Annie Lester, who were present at the transaction, testified there was no mention of insurance.
Fraud must be proven by clear and convincing evidence. Hamilton v. McGill, 352 So.2d 825 (Miss. 1977). Considering the record as a whole, we cannot say the trial judge was incorrect in his determination that the defendants did not meet the burden of proving fraud.

II.
The appellants' contention that the indebtedness became usurious upon acceleration is without merit.

III.
The contract was made when Jerry Ray was twenty. He subsequently and after achieving majority made several payments, but there is no proof in the record that he ratified the contract in writing after majority. It is clear that he expressly disaffirmed the contract. Mississippi Code Annotated section 15-3-11 (1972) provides that:

*188 An action shall not be maintained whereby to charge any person upon any promise made after full age to pay any debt contracted during infancy, or upon any ratification after full age of any promise or contract made during infancy, unless such promise or ratification shall be made by some writing, signed by the person to be charged therewith.
Since the requirements of the statute were not met, the judgment as to Jerry Ray must be reversed.[1]See also Edmunds v. Mister, 58 Miss. 765 (1881) and Watson v. Peebles, 102 Miss. 725, 59 So. 881 (1912).

IV.
The Truth-in-Lending Act, 15 U.S.C. section 1639 (1976) as implemented by 12 C.F.R. section 226.4 (1977) requires that premiums for accident and health insurance be included in the finance charge unless (1) "The insurance coverage is not required by the creditor and this fact is clearly and conspicuously disclosed in writing to the customer," and (2) "Any customer desiring such insurance coverage gives specific dated and separately signed affirmative written indication of such desire after receiving written disclosure to him of the cost of such insurance." Here, the insurance premium which was for joint accident and health on Ray and John Lester was not included in the finance charge. A form was, however, furnished to and signed by Ray which clearly and conspicuously disclosed that health and accident insurance was not required by the creditor, thus satisfying the exclusion requirements as to Ray. Moreover, Ray signed the form requesting the insurance coverage. On the other hand, John Lester did not sign the disclosure form nor the request for insurance. In fact, he denied knowledge of both.
The question then is whether failure to obtain the Lester's signature resulted in a violation of the Truth-in-Lending Act, since the cost of insurance was not included in the finance charge. The definition of customer in 12 C.F.R. section 226.2 (1977) [definition] is the "... natural person to whom consumer credit is offered or to whom it is or will be extended, and includes a co-maker, endorser, guarantor, or surety for such natural person who is or may be obligated to repay the extension of consumer credit." (Emphasis added). Since this clearly makes John Lester a "customer" and since section 226.4 requires that the insurance be included in the finance charge unless the "customer" receives disclosure in writing that the insurance is not required and signs a request for the insurance, the requirements of the Act were not met.
Acme contends that the failure to obtain Lester's signature was unintentional, resulted from a bona fide error, and therefore falls within the defense provided by 15 U.S.C. section 1640(c) which provides:
A creditor may not be held liable in any action brought under this section for a violation of this part if the creditor shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.
The majority of federal courts that have considered the defense have held it to apply only to "clerical errors." McGowan v. King, Inc., 569 F.2d 845 (5th Cir.1978); Ives v. W.T. Grant Co., 522 F.2d 749 (2nd Cir.1975); Haynes v. Logan Furniture Mart, Inc., 503 F.2d 1161 (7th Cir.1974); Palmer v. Wilson, 502 F.2d 860 (9th Cir.1974).
Clerical error is defined in Black's Law Dictionary, page 319 (4th ed., 1968) as: "Generally a mistake in writing or copying." In Ratner v. Chemical Bank New York Trust Company, 329 F. Supp. 270 (S.D.N.Y. 1971), the court noted that the original version of the senate bill had no exemption for unintentional or bona fide violations but based on objections in hearings that the complex calculations involved would necessarily generate some unintentional mathematical *189 error, the bill was changed. The error here is not a mathematical error, but one of failure to comply with an affirmative requirement of the Act. While such an error may have been inadvertent, it is not the type of clerical error protected by the defense of 15 U.S.C. section 1640(c). To hold otherwise would put an undue burden upon debtors attempting to enforce the requirements of the Act. Even if the error had been a clerical error, we note there was no procedure set up to screen applications once they are completed to detect such errors as occurred here. In order to invoke the defense there must be proof that the "violation was not intentional and resulted from bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid such error." (Emphasis added). For these reasons, the defense is not available to Acme.
In summary, the trial court was incorrect in holding the loan contract valid against Ray. We conclude the contract was void as to Ray because he had not ratified the contract in writing after attaining majority. The suit is dismissed as to Ray. The trial court was correct in determining there were no fraudulent representations as to the type of insurance coverage included in the contract. Therefore the judgment of the trial court on the promissory note in favor of Acme against John and Annie Lester is affirmed. The trial court was incorrect in dismissing John Lester's counterclaim for the statutory penalty and attorney fees under the Truth in Lending Act. We hold that Acme's failure to obtain John Lester's signature on the insurance request resulted in a violation of the Act.
For the foregoing reasons, the cause is remanded for award of penalty and attorney fees pursuant to 15 U.S.C. section 1640 (1976) and entry of appropriate judgment in the cause.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] We note that Mississippi Code Annotated section 93-19-13 (Supp. 1977) removes the disability of persons eighteen years of age or older, however, the statute was not in effect at the time of this transaction.