444 So.2d 358 (1983)
Carolyn L. BROWN, Appellant,
v.
CREDIT CENTER, INC., Appellee.
No. 54573.
Supreme Court of Mississippi.
December 14, 1983.
Rehearing Denied February 8, 1984.
*360 Christopher A. Tabb, Brandon, for appellant.
Christy D. Jones, Beth L. Orlansky, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, for appellee.
Before PATTERSON, C.J., and HAWKINS and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This case began as a simple action to collect a $268.60 debt. As it has reached this Court, the case presents us with our first opportunity to consider the office of the motion for summary judgment under Rule 56 of the Mississippi Rules of Civil Procedure. Also involved is a narrow question under the Federal Truth In Lending Act.
We hold that the Circuit Judge correctly entered summary judgment in favor of the creditor on the claim on the underlying debt. The Circuit Judge erred, however, in granting summary judgment on the debtor's set-off raised under the Truth In Lending Act. We remand for trial on that issue.

II.

A.
On February 22, 1978, Carolyn L. Brown, Defendant below and Appellant here, obtained from Credit Center, Inc., Plaintiff below and Appellee here, a consumer loan in the principal amount of $595.50. The loan together with finance charges was to be repaid in 18 monthly installments of $46.00 each. Incident to the closing of this consumer credit transaction, Credit Center delivered to Brown a Disclosure Statement in accordance with the Truth In Lending Act.
In connection with the loan, Brown elected to purchase credit life and disability insurance through Credit Center. The purpose of this insurance, of course, was to provide a means of paying the indebtedness in the event of Brown's death or disability *361 during the term of the loan. The premiums are set out in the Disclosure Statement. That statement explains that Brown's credit insurance coverage lasts "for the term of the credit".
At the same time, Brown signed a separate document which was a credit insurance policy application form. The application reflects that it is in connection with an 18 payment loan. It indicates a termination date for the insurance coverage as "4-5-79", five months before the last payment on the loan was due. Brown's final loan payment was due on September 5, 1979.
By the time September 5, 1979, arrived, Brown's payments were substantially in arrears. As of December 1, 1979, $268.60 was still outstanding. That amount has not been paid [until this date].

B.
On December 11, 1979, Credit Center commenced an action in the Justice Court of District 5, Rankin County, Mississippi. Carolyn L. Brown was named as Defendant. Credit Center demanded judgment in the amount of $268.60 plus costs. On December 18, 1979, the Justice Court entered the demanded judgment.
Brown appealed to the Circuit Court of Rankin County, Mississippi, claiming her right to trial de novo. Credit Center filed a declaration reasserting its claim on the underlying debt. In due course Brown filed an answer admitting the loan but denying that she owed anything to Credit Center. Brown asserted a series of affirmative matters, the essence of which was that Credit Center had committed various Truth In Lending disclosure violations, as a result of which she was entitled to recover twice the finance charge ($203.43 X 2 = $406.86) as a set-off.
On June 30, 1982, Credit Center filed its motion for summary judgment, still claiming only that the underlying debt of $268.60 ought be paid. Various documents and affidavits were attached to the motion in accordance with Rule 56, Miss.R.Civ.P.
On July 30, 1982, Brown filed a cross motion for summary judgment. She again denied the claim for the unpaid balance of the loan and reasserted that Credit Center had violated the Truth In Lending Act by failure to make accurate disclosure of the cost of the credit insurance. She claimed her set-off and urged that it be granted summarily in accordance with Rule 56.
After consideration of the motions, briefs and affidavits furnished by the parties, the Circuit Court granted Credit Center's motion for summary judgment and dismissed Brown's cross motion. Final judgment was entered for Credit Center against Brown on September 13, 1982, in the amount of $268.60, plus attorney's fees in the amount of $53.72, for a total amount of $332.32, plus costs and interest from date of the judgment.
From this judgment, Brown prosecutes this appeal.

III.

A.
We are called upon for the first time to construe our summary judgment procedure provided in Rule 56 of the Mississippi Rules of Civil Procedure. Rule 56 is enforceable in this action by virtue of the consent of the parties.
The Mississippi Rules of Civil Procedure govern all civil actions commenced after January 1, 1982. This action originated when Credit Center filed in Justice Court on December 11, 1979. Credit Center filed its declaration in the Circuit Court on February 12, 1980. For reasons neither clear nor important, the case was still on the docket when 1982 arrived. On June 30, 1982, Credit Center filed its motion for summary judgment. Brown in no way objected that, because the case pre-dated January 1, 1982, Rule 56 did not apply. Instead Brown herself invoked Rule 56 by filing her cross-motion for summary judgment on July 30, 1982.
At no point in the proceedings in the Circuit Court did either party urge that the summary judgment procedure was unavailable *362 because this action was commenced prior to the effective date of the Mississippi Rules of Civil Procedure. Neither party has assigned the point as error on this appeal. Each party has effectively waived any objection it may have had to the Circuit Court's utilization of Rule 56 in the determination of this action.

B.
The heart of our summary judgment procedure is found in Rule 56(c), Miss.R.Civ.P., which provides as follows:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
We need keep clearly in mind what is intended by this rule. The Advisory Committee which assisted in the drafting of our civil rules offers in its Comment several helpful views:
The motion for a summary judgment challenges the very existence of legal sufficiency of the claim or defense to which it is addressed; in effect, the moving party takes the position that he is entitled to prevail as a matter of law because his opponent has no valid claim for relief or defense to the action, as the case may be.
Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried. The rule should operate to prevent the system of extremely simple pleadings from shielding claimants without real claims or defendants without real defenses... .
A motion for summary judgment lies only where there is no genuine issue of material fact; summary judgment is not a substitute for the trial of disputed fact issues. Accordingly, the court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried. [Emphasis added]
The argument that there exists no genuine triable issue of material fact is the functional equivalent of a request for a peremptory instruction. It merely occurs at an earlier stage in the life of a civil action. The trial court must review carefully all of the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If in this view the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise the motion should be denied. Compare generally, Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652, 657 (Miss. 1975); City of Jackson v. Locklar, 431 So.2d 475, 478-479 (Miss. 1983).
Trial judges must be sensitive to the notion that summary judgment may never be granted in derogation of a party's constitutional right to trial by jury. Miss. Const. art. 3, § 31 (1890). On the other hand, there is no violation of the right of trial by jury when judgment is entered summarily in cases where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. There is no right of trial by jury in such cases.
Federal cases suggest that the burden is on the moving party to establish that there is no genuine issue of fact, although this burden is one of persuasion, not of proof. When doubt exists whether there is a fact issue, the non-moving party gets its benefit. Indeed, the party against whom the summary judgment has been sought should be given the benefit of every reasonable doubt. Liberty Leasing Co. v. Hillsum Sales Corporation, 380 F.2d 1013, 1015 (5th Cir.1967); Heyward v. Public Housing Administration, 238 F.2d 689, 696 (5th Cir.1956).
We recognize that reasonable minds may often differ on the question of whether *363 there is a genuine issue of material fact. In this context we find appropriate the admonition in a leading commentary on Federal Rule 56:
If there is to be error at the trial level it should be in denying summary judgment and in favor of a full live trial. And the problem of overcrowded calendars is not to be solved by summary disposition of issues of fact fairly presented in an action. 6 Moore's Federal Practice § 56.15[1.-2] p. 56-435 (1982).
Because of the disposition we make of this case, we note that partial summary judgments are available under our procedure. Rule 56(d), Miss.R.Civ.P., provides:
(d) Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered on the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.
The various parameters of this aspect of our summary judgment procedure have been fleshed out in discussions of the comparable federal procedure. 10A Wright & Miller, Federal Practice and Procedure §§ 2736-2737 (1983); Moore's Federal Practice §§ 56.20 et seq. (1982). Partial summary judgments when granted have the effect of removing from trial issues that ought not be there. The courts and the litigants are thus freed to concentrate on the real to the exclusion of the pretended.
Summary judgments, in whole or in part, should be granted with great caution. Notwithstanding, as every lawyer knows, there are many cases reaching the dockets of our courts where there are no genuine fact issues. Rule 56 provides a viable and just vehicle for the adjudication of such cases.
Another word of caution. We have held that each party by filing a motion for summary judgment has consented to the enforceability of Rule 56 in this case. The fact that cross-motions for summary judgment have been filed, however, does not without more empower the court to dispense with trial and enter judgment summarily. Construing comparable Federal Rule 56, the United States Court of Appeals for the Third Circuit in Rains v. Cascade Industries, Inc., 402 F.2d 241 (3d Cir.1968), explained:
Cross-motions are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist. If any such issue exists it must be disposed of by a plenary trial and not on summary judgment. 402 F.2d at 245.
See also, 10A Wright & Miller, Federal Practice and Procedure § 2720 (1983). The same may be said of our summary judgment procedure.

IV.

A.
In this case the merits of Credit Center's claim on its underlying debt as well as Brown's Truth In Lending defense were both adjudged via summary judgment. We will consider first the claim on the debt.
On this appeal, Brown urges that summary judgment was improper for two reasons. First, Brown argues that there were indeed genuine issues of material fact with respect to the underlying debt. Second, Brown urges that the affidavits filed by *364 Credit Center fail to comply with the procedural requisites of Rule 56(e).

1.
Brown insists that, with respect to Credit Center's claim on the February 22, 1978, note for the outstanding balance of $268.60, there are genuine issues of material fact. What those issues are, however, we know not. Those issues have certainly not been disclosed by Brown. In pleadings she has admitted signing the note. At no point has she intimated payment in full.
Our search of the record reflects only a denial by Brown that the debt is due. She has effectively stonewalled for over four years, during which time she has offered no affidavit or other evidentiary material explaining why the debt is not owing. Except for her Truth In Lending argument, she offers no reason in law why the debt is not due and why judgment ought not be entered against her thereon. She is merely putting off the evil day of payment as long as possible.
Rule 56(e) provides that:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
Brown's response to Credit Center's motion is woefully inadequate. It amounts to a simple denial. The unmistakable language of the rule provides that mere denial is insufficient to create an issue of fact. See Union Planters National Leasing, Inc. v. Woods, 687 F.2d 117, 119 (5th Cir.1982); Ferguson v. National Broadcasting Co., Inc., 584 F.2d 111, 114 (5th Cir.1978); Liberty Leasing Co. v. Hillsum Sales Corp., 380 F.2d 1013 (5th Cir.1967).[1] This is true whether the denial be in pleadings, briefs or arguments. Only sworn denials providing a credible basis therefor in evidentiary fact will suffice.
Our Rule 56 mandates that the party opposing the motion be diligent. "Mere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment." Liberty Leasing Co. v. Hillsum Sales Corporation, 380 F.2d 1013, 1015 (5th Cir.1967). The party opposing the motion is required to bring forward significant probative evidence demonstrating the existence of the triable issue of fact. Union Planters National Leasing, Inc. v. Woods, 687 F.2d 117, 119 (5th Cir.1982). This Carolyn L. Brown has wholly failed to do.

2.
Credit Center is not permitted to rest exclusively on the weakness of Brown's response. To be sure, Brown has failed to create a genuine issue of material fact.[2] Before we can affirm the summary judgment, however, we must ascertain that the strength of Credit Center's showing is such that it is entitled to judgment as a matter of law.
In support of its motion, Credit Center filed the affidavit of William Edward Scott, Manager of Credit Center in Pearl, Mississippi. This affidavit traced the history of *365 the Brown loan and then stated in pertinent part:
Two hundred sixty-eight and sixty one hundredths dollars ($268.60) of Brown's loan is still outstanding. A true and correct copy of Brown's ledger sheet is attached hereto as Exhibit "3".
The attached ledger sheet then reflects Brown's payment record. It reflects that Brown fell repeatedly in arrears, so that the installment payment due March 5, 1979, was not in fact paid until August 24, 1979, at which time there was an outstanding balance of $268.60.
We hold that in an open account or collection suit where the creditor has filed a motion for summary judgment, an undisputed affidavit from the creditor's manager that the account is due and is unpaid where accompanied by the account or ledger sheet which is obviously a business record, entitles the creditor to summary judgment.[3]
The affidavit of William Edward Scott establishes the amount of the debt, that it is unpaid, and that it is now due and payable  in fact, payment is well overdue. The attached account ledger adds great credibility to Credit Center's claim. In view of Brown's feeble denials, we hold the Scott affidavit and attached ledger adequate to undergird a valid summary judgment.

B.
Its contents aside, Brown charges that there are fatal formal deficiencies in the Scott affidavit. She seems to be fussing about the fact that Scott has no personal knowledge of the inception of the disputed loan. True, the loan was made on February 22, 1978. Scott became Credit Center's Pearl Manager some nine months later in November of 1978 and has served there continuously since that time. We have no doubt of Scott's power, sufficient unto this day, to make an affidavit describing the account and attaching his company's ledger sheet, surely a business record.
We regard it as important that this issue was not tendered to the Circuit Court. Where the party against whom a motion for summary judgment is made wishes to attack one or more of the affidavits upon which the motion is based, he must file in the trial court a motion to strike the affidavit. This point is made clear by Wright and Miller in their discussion of identical Federal Rule 56(e):
A party must move to strike an affidavit that violates Rule 56(e); if he fails to do so, he will waive his objection and, in the absence of "a gross miscarriage of justice," the court may consider the defective affidavit. 10 Wright & Miller, Federal Practice and Procedure § 2738 pp. 507-509 (1973).
We in no way suggest that the Scott affidavit was deficient. Even if it was, Brown filed no motion to strike in the Circuit Court. Before the Circuit Court Brown in no way suggested any unhappiness with the form of the Scott affidavit.
The point is made in Auto Drive-Away Company of Hialeah, Inc. v. Interstate Commerce Commission, 360 F.2d 446 (5th Cir.1966). There the Court of Appeals held that an objection to the use of an affidavit and exhibits thereto could not be raised for the first time on appeal. The court held:
An affidavit that does not measure up to the standards of Rule 56(e) is subject to a timely motion or other objection, formal defects in the affidavit ordinarily are waived. 360 F.2d at 448-449.
Under the circumstances, we hold that Scott's affidavit was sufficient to undergird Credit Center's motion for summary judgment and to establish that, on the underlying claim of debt, Credit Center is entitled to judgment as a matter of law.

*366 V.

A.
We turn now to Brown's affirmative defense in the nature of a set-off. Brown claims that Credit Center failed to disclose the cost and term of credit and disability insurance as required by the Truth In Lending Act, 15 U.S.C. § 1605(c) and by Federal Reserve Regulation Z, 12 C.F.R. §§ 226.4(b)(7), 226.4(c)(8), and 226.18(n). If she can establish this proposition on the merits, Brown is entitled to recover from Credit Center an amount equal to at least twice the finance charge. 15 U.S.C. § 1640(a)(2)(A)(i).
Our immediate question, however, concerns the propriety of the Circuit Judge's dismissal of Brown's Truth In Lending set-off via summary judgment. For the reasons explained below, we regard this as an issue which, in the context of the record we have before us, ought not to have been decided summarily. In our view there is a genuine issue of material fact whether Credit Center accurately disclosed the cost and term of credit life and disability insurance as required by the Truth In Lending Act and by Regulation Z.

B.
The Truth In Lending Act is an enactment of the Congress of the United States. Pub.L. 96-221, 94 Stat. 170. The courts of this state exercise concurrent jurisdiction with federal courts in the enforcement of federally created rights. In the absence of the federal statute expressly providing for exclusive jurisdiction in the federal courts, e.g., International Association of Bridge, Structural and Ornamental Ironworkers, AFL-CIO, Local Union 710 v. Howard L. Byrd Building Service, Inc., 284 So.2d 301, 303 (Miss. 1973), our courts are not free to refuse jurisdiction over claims based on rights created by the Constitution and laws of the United States. Such is the command of the Supremacy Clause of our Federal Constitution. Art. VI, § 2. If the ordinary jurisdiction of a court of this state is adequate to the case, that court must accept jurisdiction and proceed to enforce federally created rights. Lewis v. Delta Loans, Inc., 300 So.2d 142, 144-145 (Miss. 1974).
The Truth In Lending Act was first enacted in 1968. It is one of those federal enactments which is subject to the regime of concurrent federal and state jurisdiction. This Court has on several occasions recognized that Truth In Lending claims and defenses are well within the competence of our courts. See, e.g., Lewis v. Delta Loans, Inc., 300 So.2d 142 (Miss. 1974); Ray v. Acme Finance Corp., 367 So.2d 186, 188 (Miss. 1979).

C.
The Truth In Lending Act allows a creditor to exclude the cost of insurance from the finance charge if the cost of insurance is disclosed. 15 U.S.C. § 1605(c); 12 C.F.R. § 226.18(n). Credit Center apparently so elected in the case at bar. When the term of the insurance coverage is less than the term of the loan, however, in addition to the disclosure of the cost of the insurance, Regulation Z has been interpreted to require disclosure of the term of the insurance. Reneau v. Mossy Motors, 622 F.2d 192, 194-195 (5th Cir.1980); Philbeck v. Timmers Chevrolet, Inc., 499 F.2d 971, 978 (5th Cir.1974).[4]
The uncontroverted facts of this case reflect that incident to her loan Brown elected to purchase through Credit Center credit life and disability insurance. The premiums for Brown's insurance are listed on the Disclosure Statement presented to her and signed by her. Those premiums, as we understand the matter, were not included in the finance charge. The Disclosure Statement advises her that the insurance *367 coverage lasts for the term of the loan.
The problem is that from the record before us, we cannot ascertain with confidence the termination date of the insurance policy. The record before us is inconclusive as to whether the policy of credit life and disability insurance issued by Old Colony Life Insurance Company terminated on April 5, 1978, or September 5, 1978. The best evidence of all  the insurance policy itself  is not before us, nor was it before the Circuit Court. We are therefore unable to look into the horse's mouth and see exactly how many teeth he has, though surely the horse is available and ought to have been produced for such inspection.
Brown points to the insurance application which was prepared by Credit Center. It reflects an insurance termination date of April 5, 1978. It seems likely that the actual policy contains the same termination date as the application. That possibility has not been excluded by anything Credit Center has filed. If in fact the termination date of the insurance was April 5, 1978, then the term of insurance was less than the loan and it is likely that there has been a violation of the disclosure requirements of the Truth In Lending Act. See Reneau v. Mossy Motors, 622 F.2d 192, 194-195 (5th Cir.1980); Philbeck v. Timmers Chevrolet, Inc., 499 F.2d 971, 978 (5th Cir.1974).
Credit Center supported its motion for summary judgment on this point with an affidavit from John E. Gough, Vice President of Old Colony Life Insurance Company. The Gough affidavit explains that, in Gough's opinion, the premiums charged as reflected on the company's records match those that would have been charged if the insurance coverage had been designed to remain effective through the full term of the loan. Gough further offers his conclusory opinion that "Brown's insurance coverage was effective for the full term of her loan, from February 22, 1978, through September 5, 1979".
Applying the considerations outlined in Section II(B) above, we cannot say with confidence that there is here no issue requiring trial. We repeat and emphasize that we do not have before us the actual policy. Based upon a careful consideration of the affidavits and documents in evidence before us, we consider it entirely possible that at trial Brown might be able to marshall credible evidence that would carry the day before the trier of the fact. Certainly nothing in the record before us excludes that possibility.
There is another reason why summary judgment is peculiarly inappropriate on this issue. All of the proof regarding the term and termination date of the policy is within the exclusive possession and control of Credit Center, Inc. and Old Colony Life Insurance Company. Insofar as we have been advised, no credit insurance policy was ever delivered to Brown. Where this type summary judgment issue is before the court, even greater caution should be exercised, lest a viable issue be precluded from trial. By way of contrast, on the claim of Credit Center on the underlying debt, it is within our common sense that any defense Brown may have would likely be within her own personal knowledge or easily accessible to her. When she has failed to come forth with any credible defense, we do not hesitate to affirm summary judgment. Here, however, Brown's practical access to information is considerably less.
In the final analysis, we view this issue as we did that regarding the underlying debt. See Section IV(A) above. When Brown points to the policy application, she places before us what is some evidence that the policy termination date was April 5, 1979. That suggests a fact issue. Contrast Section IV(A)(1) above. Even though Brown had tendered nothing intimating a fact issue, we would have to consider the strength of Credit Center's showing. When we look for such strength, we find weakness. Credit Center has failed to produce the policy. The Gough affidavit is conclusory only on the termination date issue. Beyond that, it is obviously based on information and belief. Contrast Section *368 IV(A)(2) above. The summary judgment on this issue should have been denied.

D.
In reversing the summary judgment granted on the Truth In Lending issue, we need to make clear what we are not holding. First, we are not holding that Credit Center has committed a violation of the Truth In Lending Act. This is an issue for plenary trial in the Circuit Court.
Second, we do not hold that, at trial Credit Center will not be entitled, first, to a directed verdict, or, ultimately, the granting of a peremptory instruction. Credit Center here insists strenuously that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law on the Truth In Lending set-off claim. If at the close of Brown's evidence, the proof is in that posture, Credit Center has available to it the directed verdict procedure as in other cases. See Rule 50(a), Miss.R.Civ.P.
Finally, we note that Credit Center has asserted an alternative position. Credit Center argues that, even if there has been a technical violation of the disclosure requirements of the Truth In Lending Act, such was a mere typographical error within the bona fide error exception to Truth In Lending liability found in 15 U.S.C. § 1640(c). As indicated, in no way do we pass upon the question of whether there was an error in disclosure in the first place. Accordingly, we leave open for trial whether the disclosure error, if any, falls within the bona fide error exception to liability under the Act.

VI.
In conclusion, on the authority of Rule 56(d), Miss.R.Civ.P., we affirm so much of the summary judgment entered below as adjudges that Carolyn L. Brown is liable to Credit Center, Inc. in the amount of $268.60, plus interest and attorney's fees. All issues regarding Credit Center's claim on the underlying debt have now been finally decided and are foreclosed.
We remand for a plenary trial on the Truth In Lending issue tendered by Brown by way of set-off.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR TRIAL.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
NOTES
[1] We observe here in relevant part the wording of our Rule 56 is identical to the wording of Rule 56 of the Federal Rules of Civil Procedure. Accordingly, we regard authoritative constructions of Federal Rule 56 as persuasive of what our construction of our rule ought to be. As the author of this opinion has urged in another rules context

there is much to be said for uniformity in interpreting the identical language of the federal and Mississippi versions [of Rules of Civil Procedure]. A disparity in interpretation would inevitably lead to forum shopping, which has been a perceived evil for at least half a century. Robertson, Joinder of Claims and Parties  Rule 13, 14, 17 and 18, 53 Miss. L.J. 37, 63 (1982).
[2] In Brown's cross motion for summary judgment, Brown stated, "Defendant (Brown) would show unto the court that there is no genuine issue as to any material fact based upon the affidavits of the Plaintiff [Credit Center] and the Plaintiff's motion for summary judgment... ."
[3] This is essentially the practice we have followed in Mississippi for years under our open account statute entitling a creditor to judgment where he files an affidavit as to the correctness of an account. Miss.Code § 13-1-141 (Supp. 1982). See also, Olympic Insurance Company v. Harrison, Inc., 418 F.2d 669 (5th Cir.1969).
[4] In the construction of a statutory enactment of the Congress of the United States, we give great weight and deference to the interpretations of the United States Court of Appeals for the Fifth Circuit, just as that Court respects our interpretations of enactments of the Legislature of the State of Mississippi. See Jordan v. Watkins, 681 F.2d 1067, 1077-1078 (5th Cir.1982); Bell v. Watkins, 692 F.2d 999, 1010 (5th Cir.1982).