# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 1998-CA-01163-COA

**BETTY HALL**                                                                          **APPELLANT**

**v.**

**TIMOTHY DALE CAGLE AND BILL JOHNSON, D/B/A JOHNSON MOBILE HOMES**                  **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/14/1998 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JAMES C. PATTON, JR. |
| ATTORNEYS FOR APPELLEES: | J. RICHARD BARRY |
| | LEE THAGGARD |
| | BRETT W. ROBINSON |
| | RICHARD O. BURSON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | SUMMARY JUDGMENT GRANTED IN FAVOR OF DEFENDANTS. |
| DISPOSITION: | AFFIRMED - 08/03/99 |
| MOTION FOR REHEARING FILED: | 09/09/99; denied 1/18/2000 |
| CERTIORARI FILED: | 2/22/2000; granted 4/27/2000 |
| MANDATE ISSUED: | |

BEFORE SOUTHWICK, P.J., IRVING, AND PAYNE, JJ.

PAYNE, J., FOR THE COURT:

## PROCEDURAL HISTORY

¶1. This case is an appeal from the Lauderdale County Circuit Court's granting summary judgment in favor of appellees, Timothy Dale Cagle and Bill Johnson d/b/a Johnson Mobile Homes. Feeling aggrieved, appellant Betty Hall filed this appeal.

## FACTS

¶2. The accident at issue happened August 28, 1995, at the home of Timothy and Beverly Cagle. The

Cagles had just moved into a new mobile home and appellant Betty Hall (Hall) visited the Cagles to help unload boxes and to arrange furniture. Upon exiting the Cagles's mobile home by a back door, Hall lost her footing on the steps and was injured from the resulting fall.

¶3. Hall states in her deposition she knew the steps were shaky and wobbly and she was warned to be careful of the "wrong steps" by an employee of Johnson Mobile Homes.

¶4. Hall presently contests the circuit court's labeling her a "licensee" rather than an "invitee." Hall further argues the Cagles and Johnson Mobile Homes actively created a dangerous situation in negligently placing the temporary steps in question on concrete blocks which added to their instability. Accordingly, Hall argues the circuit court erred in granting summary judgment based on these mistakes.

## ARGUMENT AND DISCUSSION OF THE LAW

### STANDARD OF REVIEW

¶5. Hall's lone issue on appeal contests the trial court's granting of summary judgments to Cagle and Johnson Mobile Homes.

¶6. In determining whether the trial court properly granted a motion for summary judgment, this Court employs a *de novo* review of the record. *Presswood v. Cook*, 658 So. 2d 859, 862 (Miss. 1995) (citing *Owen v. Pringle*, 621 So. 2d 668, 670 (Miss. 1993)); *Daniels v. GNB, Inc.*, 629 So. 2d 595, 599 (Miss. 1993); *Mantachie Natural Gas Dist. v. Mississippi Valley Gas Co.*, 594 So. 2d 1170, 1172 (Miss. 1992). A trial court may grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56. A fact is material if it "tends to resolve any of the issues, properly raised by the parties." *Webb v. Jackson*, 583 So. 2d 946, 949 (Miss. 1991) (citing *Mink v. Andrew Jackson Casualty Ins. Co.*, 537 So. 2d 431, 433 (Miss. 1988)). The evidence must be viewed in the light most favorable to the non-moving party. *Morgan v. City of Ruleville*, 627 So. 2d 275, 277 (Miss. 1993) (citing *Brown v. Credit Ctr., Inc.*, 444 So. 2d 358, 362 (Miss. 1983)). If, in this view, the moving party is entitled to a judgment as a matter of law, then summary judgment should be granted in that party's favor; otherwise, the motion should be denied. *Id*. Reasonable minds may often differ on whether there exists a genuine issue of material fact. *Donald v. Reeves Transp. Co.*, 538 So. 2d 1191, 1195 (Miss. 1989) (citing *Brown*, 444 So. 2d at 362-63)). "If there is to be error at the trial level it should be in denying summary judgment and in favor of a full live trial." *Id*. (citations omitted). Therefore, summary judgment should be granted with great caution. *Womble v. Singing River Hosp.*, 618 So. 2d 1252, 1256 (Miss. 1993) (citing *Brown*, 444 So. 2d at 362) ).

¶7. Finding no genuine issue of material fact exists and finding Hall's affidavit is unpersuasive and improper for purposes of reversing the circuit court, we find the motion for summary judgment was properly granted.

## ANALYSIS OF THE ISSUE PRESENTED

**I. WHETHER THE TRIAL JUDGE ERRED IN GRANTING SUMMARY JUDGMENT BY FINDING THERE WAS NO GENUINE ISSUE OF MATERIAL FACT FOR A JURY TO DECIDE, BECAUSE THE DEFENDANT TIMOTHY DALE CAGLE DID NOT WILLFULLY OR WANTONLY INJURE THE PLAINTIFF, AND ACCORDING TO THE COURT THE**

**PLAINTIFF WAS AN INVITED SOCIAL GUEST OF DEFENDANT CAGLE'S WIFE, BEVERLY CAGLE.**

¶8. As stated above, to defeat a motion for summary judgment the non-moving party must prove a genuine issue of material fact exists. In the present case, Hall contends such an issue exists in that the court labeled her a licensee rather than an invitee. Hall argues she was an invitee and appellees were both liable -- landowner Cagle for not meeting his standard of care in keeping his land safe for invitees, and Johnson Mobile Homes for not meeting its standard of care in having Johnson's employees keep the work area as safe as possible.

¶9. It is well-settled case law that an invited social guest is not an invitee, but holds the status of a licensee. *See Wright v. Caffey*, 239 Miss. 470, 123 So. 2d 841, 844 (1960). Further the duty owed by the landowner to the licensee is "the bare duty to refrain from willfully or wantonly injuring him." *Lucas v. Buddy Jones Ford-Lincoln-Mercury, Inc.,* 518 So. 2d 646, 648 (Miss. 1988).

¶10. As stated before, Hall was warned by the Johnson Mobile Homes employee and even discussed the danger of the steps among her friends. There is no factual evidence presented that either of the appellees had any intent to willfully or wantonly injure Hall. Nor is there is any rule contradictory to existing Mississippi case law that would deem Hall classified as an invitee rather than a licensee.

¶11. For the purposes of this case, in determining Hall's status as a licensee or an invitee, we look to *Hoffman v. Planters Gin Co., Inc.,* 358 So. 2d 1008, 1011 (Miss. 1978):

> As to status, an invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage. A licensee is one who enters upon the property of another for his own convenience, pleasure or benefit pursuant to the license or implied permission of the owner . . . .

(citations omitted).

¶12. In support of her contention she was an invitee rather than a licensee, Hall presents an affidavit signed by her May 5, 1998 which states the following:

> On the day of my fall I was going to the Cagle's [sic] trailer to work, not to visit. In exchange for helping Beverly Cagle out I had my hair cut, styled and/or permed on more than one occasion prior to my fall as well as after my fall. I was actually contacted about work, only after the air conditioner in the trailer was serviced and operable.

Compare the affidavit to Hall's deposition taken earlier:

> Q: Now the day that ya'll went over there, you went over there as a friend helping her, right?
>
> A: Right, uh huh.
>
> Q: And she didn't pay you anything for helping her?
>
> A: Oh, no.
>
> Q: She never indicated that she would, right?

A: No.

- - - - - - -

Q: So the reason that you were doing that is solely because ya'll are friends, right?

A: Right, uh huh.

¶13. Reviewing Hall's deposition on this matter, her words lead us to reason Hall's helping Cagle was out of friendship and not out of an obligatory relationship or in expectation of something in return. However, in Hall's affidavit, which was sworn and attested to just days before the order granting summary judgment was filed, Hall states she went to Beverly Cagle's pursuant to a *quid pro quo* agreement that she would help Cagle in exchange for hairdressing services to be provided to Hall in the future.

¶14. In reviewing these two conflicting testimonies, this Court is presented a question as to how much credence to give the affidavit and whether or not the conflicting affidavit filed after the deposition and upon notice of filing a motion for summary judgment should be allowed to defeat the summary judgment since it raises a genuine issue of material fact that a jury need resolve. This Court has not previously addressed this issue; therefore we look to other authorities for a rule.

¶15. In *Bourn v. Tomlinson Interest Inc.,* 456 So. 2d 747, 749 (Miss. 1984), the Mississippi Supreme Court stated "in construing our rules, we look for guidance to the federal cases since the MRCP were patterned after the Federal Rules of Procedure" (citations omitted). In the recent Mississippi case of *Murphree v. Federal Ins. Co.*, 707 So. 2d 523, 529 (Miss. 1997), the court was faced with a Rule 56 issue. In *Murphree*, the supreme court again stated that "it is appropriate for this Court to rely on federal law." *Id.* Accordingly, we now look to federal law as persuasive authority in addressing this issue.

¶16. In the present case, the issue is whether or not an affidavit filed after Hall's deposition may be used to bring up new issues of genuine fact to defeat summary judgment. A Fifth Circuit case on this point explains the law concerning this question:

> The party seeking summary judgment bears the burden of establishing the absence of any disputed material fact. Although the court must resolve all factual inferences in favor of the nonmovant, the nonmovant cannot manufacture a disputed material fact where none exists. Thus, the nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony.

*Albertson v. T. J. Stevenson & Co., Inc.*, 749 F.2d 223, 228 (5th Cir. 1984) (citations omitted). Further, should an affidavit be used that differs from the deposition, as in the present case, the reasons for the differences must be set forth in the subsequent instrument. Such was the case in *Foldes v. Hancock Bank*:

> The record reflects interrogatories, depositions and answers thereto, and an affidavit executed by Foldes. The Bank contends that Foldes, in her affidavit in opposition to summary judgment, stated a different version of the facts, which contradicted that given in her deposition and argues that "where there is a discrepancy between facts in an affidavit and deposition testimony, the affidavit must explain such discrepancy."

*Foldes v. Hancock Bank*, 554 So. 2d 319, 321 (Miss. 1989) (citations omitted). With the reasons for

differences in the two instruments not stated and considering federal law to be persuasive on the point, this Court will not accept Hall's affidavit as reason to reverse the lower court's denial of summary judgment.

¶17. In light of the foregoing arguments and case law in support of such, the decision of the circuit court granting appellant's motions for summary judgment should be affirmed.

CONCLUSION

¶18. The law does not support appellant's contentions that the trial court incorrectly granted both Cagle's and Johnson's motions for summary judgment. Therefore, the findings of the lower court on each of these two judgments are affirmed.

¶19. **THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.**

**McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, MOORE, AND THOMAS, JJ., CONCUR. DIAZ, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BRIDGES AND LEE, JJ.**

DIAZ, J., DISSENTING:

¶20. Because there exists a genuine issue of material fact as to whether Betty Hall was an invitee or a licensee at the time of her injury, I disagree with the majority's conclusion that the circuit court properly granted summary judgment to Cagle and Johnson Mobile Homes. Mrs. Hall's affidavit clarified her deposition testimony, raising a question of fact which should have been resolved by a jury. Accordingly, I dissent.

¶21. The majority correctly finds that a motion for summary judgment cannot be defeated by the submission of an affidavit which directly contradicts, without any explanation, the non-movant's earlier testimony. However, given our call to view the evidence in a light most favorable to the non-moving party, the majority incorrectly construes Mrs. Hall's affidavit as directly contradicting her deposition testimony. To the contrary, I would find that the affidavit was not contradictory and served to clarify the general answers given during her deposition. That the two women were friends does not define the nature of their legal relationship at the time of the accident in the context of premises liability law. Thus, Mrs. Hall's affidavit does not contradict her earlier testimony that she was doing some work at her friend's mobile home without any expectation of a cash payment; rather it clarified that Mrs. Cagle fixed Mrs. Hall's hair in exchange for help in settling in her new home. Whether that created a mutual advantage for the visit so as to elevate Mrs. Hall's legal status to that of an invitee is a question of fact for a jury to decide.

¶22. Given that the affidavit clarifies rather than contradicts Mrs. Hall's earlier testimony and raises an issue of material fact as to whether she was an invitee or a licensee on the premises at the time of her injury, the circuit court should be found in error for granting the motion for summary judgment. While today's decision speaks to the issue of summary judgment, it also has the unfortunate effect of highlighting the confusion created by our adherence, unlike most jurisdictions, to the distinction between invitees and licensees in premises liability law. For these reasons, I dissent.

**BRIDGES AND LEE, JJ., JOINS THIS SEPARATE OPINION.**