SMITH, Justice,
dissenting:
¶ 20. On motion for rehearing, the majority elects to reverse and remand the lower court grant of summary judgment. Because I believe this case was correct originally, I respectfully dissent.
¶ 21. Here, Batton proved his failure to perform claim under § 2 of the FSAA or Automatic Coupler Act by demonstrating that the couplers failed to couple automatically and this failure caused, in whole or in part, his injury. Norfolk & W. Ry. Co. v. Hiles, 516 U.S. 400, 409, 116 S.Ct. 890, 134 L.Ed.2d 34 (1996). However, the Railroad rebutted Batton’s case by proving both (1) that the equipment was not properly set, e.g., that the drawbars were not properly aligned, and (2) that a defect in the equipment did not cause the equipment to be improperly set, i.e., the equipment became improperly set “during the ordinary course of railroad operations.” Id. at 409, 116 S.Ct. 890. The United States Supreme Court has clearly mandated that the failure of a nondefective coupler to automatically couple due to misalignment is not a *139 violation of the FSAA or Automatic Coupler Act. Consequently, the Railroad has demonstrated a defense to liability according to the Hiles decision. Thus, the Railroad met its initial burden of establishing the absence of genuine issues and material facts. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Daniels v. GNB, Inc., 629 So.2d 595, 600 (Miss.1993).[2] The burden was then shifted to Batton to show that summary judgment was inappropriate; he came up short. Brown v. Credit Ctr. Inc., 444 So.2d 358, 364 (Miss.1983). The record shows that there is no evidence supporting a violation of the Automatic Coupler Act. Batton presents no evidence of a defect that prevented the couplers from operating properly or that caused the couplers to misalign. Furthermore, Batton testified that the reason the couplers failed to operate properly was drawbar misalignment. The exceptions, or defenses, to an alleged violation of the Automatic Coupler Act, which were recently articulated by the United States Supreme Court in Hiles are met in the present case.
¶ 22. In closing, summary judgment is appropriate when a plaintiff fails to present sufficient evidence raising a material issue of fact. After the Railroad presented evidence establishing that there were no genuine issues of material fact, the burden shifted to Batton to go beyond the pleadings and show that summary judgment was inappropriate. The fact that the claim
is brought under the FELA does not alleviate Batton’s obligation to produce evidence justifying the case going to a trier of fact. Not only did Batton fail to meet this burden, his testimony proves that the Railroad is not liable. Thus, summary judgment was proper for this case, and the Hinds County Circuit Court was correct in granting the Railroad’s motion.
¶ 23. Accordingly, I respectfully dissent.
PITTMAN, P.J., AND MILLS, J., JOIN THIS OPINION.

. Mississippi Rule of Civil Procedure 56 is identical to the Federal Rule of Civil Procedure 56 with the exception that Mississippi added 56(h) which deals with the cost assessment among parties. Based on these similarities and our use of federal cases when interpreting Miss. R. Civ. P. 56, both state and federal cases are cited.