# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-01038-SCT

*DONALD JOE RICHARDSON*

*v.*

*SARA LEE CORPORATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/21/2002 |
| TRIAL JUDGE: | HON. V. R. COTTEN |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOSEPH E. ROBERTS, JR. |
| ATTORNEYS FOR APPELLEE: | FORREST W. STRINGFELLOW |
| | ROBERT J. ARNOLD, III |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 06/05/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, P.J., CARLSON AND GRAVES, JJ.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     In this appeal from the Scott County Circuit Court, Donald Joe Richardson ("Richardson") requests this Court to recognize a cause of action for intentional and/or negligent spoliation of evidence and to hold that his employer, Sara Lee Corporation ("Sara Lee"), is not immune under the exclusivity provision of the Workers' Compensation Act, Miss. Code Ann. §§ 71-3-1 to -129 (Rev. 2000 & Supp. 2002).  For the reasons hereinafter discussed, we decline Richardson's invitation to recognize such a cause of action and therefore affirm the trial court's grant of Sara Lee's Motion to Dismiss or, in the Alternative, Motion for

Summary Judgment. Because this issue is dispositive, there is no need to address the second issue on appeal.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2. On or about October 23, 1993, Richardson sustained an on-the-job injury during his employment with Sara Lee. While he was operating a Hyster Orderpicker, manufactured by NACCO Material Group Inc. and/or Hyster Company, the lift on the Orderpicker fell causing injuries to Richardson's leg, foot, and ankle. A settlement of Richardson's workers' compensation claim was approved by the Mississippi Workers' Compensation Commission, and Richard executed a release dated June 27, 1997, releasing Sara Lee from "any and all claims" he may have "on account of, arising out of, or connected with" the on-the-job injury.

¶3. Prior to the settlement of the workers' compensation claim, Richardson, in 1996, filed suit alleging negligent design, manufacture, and distribution of the Orderpicker against NACCO Materials Handling Group, Inc. and/or Hyster Company in the Circuit Court of Smith County, Mississippi. During the course of litigation, a subpoena duces tecum was served upon Sara Lee requesting documentation concerning the whereabouts of the Orderpicker. On July 31, 1996, Sara Lee responded to the service of the subpoena duces tecum by stating that it had disposed of the Orderpicker. Richardson testified in his deposition of May of 1997 that he knew that Sara Lee no longer had the Orderpicker, but did not know when it disposed of it. Subsequently, that suit was dismissed on May 25, 1999, pursuant to an Agreed Order Granting Summary Judgment, acknowledging that the Orderpicker in question had been destroyed, and therefore Richardson would not be able to prove the requisite elements of his case.

¶4. The instant litigation was filed on March 7, 2000, against Sara Lee alleging negligent spoliation of evidence. Sara Lee's Motion to Dismiss or, in the Alternative, Motion For Summary Judgment was

2

granted by the circuit court on May 21, 2002. Richardson has raised two issues on appeal: (1) whether a separate cause of action against third parties for negligent and/or intentional spoliation of evidence should be recognized by the Mississippi courts, and (2) whether a claim for intentional and/or negligent destruction of evidence is a work-related injury barred by the exclusive remedy provision of the Mississippi Workers' Compensation Act.

## STANDARD OF REVIEW

¶5.     It is not clear whether the trial court granted Sara Lee's motion to dismiss or motion for summary judgment. The final judgment indicates that the "plaintiff has not asserted any cause of action which is recognized by Mississippi law." There is no indication that this judgment is based upon Miss. R. Civ. P. 12(b)(6), 12(c), or 56. "The standard of review for all three are similar in that the non-moving party is favored in the review of the facts." *Hartford Cas. Ins. Co. v. Halliburton Co.*, 826 So.2d 1206, 1209 (Miss. 2001). Because a motion to dismiss under Miss. R. Civ. P. 12(b)(6) raises an issue of law, this Court will review such motions de novo. *Id.* at 1210 (¶7). A motion for judgment on the pleadings under Miss. R. Civ. P. 12(c) serves a similar function to Rule 12(b)(6) which we also review de novo. *Id.* (¶8). As to the review of a trial court's granting of a motion for summary judgment under Rule 56, we employ a de novo standard of review and the motion should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 1209 (¶6) (citations omitted). *See also Brown v. Credit Ctr., Inc.*, 444 So.2d 358, 362-65 (Miss. 1983) and its progeny. If a trial judge is confronted with a Rule 12(c) motion to dismiss and considers matters outside the pleadings en route to ruling on that motion, the motion shall be treated as a Rule 56 motion. *See* Miss. R. Civ. P. 12(c).

## ANALYSIS

3

**I. WHETHER A SEPARATE CAUSE OF ACTION AGAINST THIRD PARTIES FOR NEGLIGENT AND/OR INTENTIONAL SPOLIATION OF EVIDENCE SHOULD BE RECOGNIZED BY THE MISSISSIPPI COURTS?**

¶6.     Richardson urges this Court to adopt and recognize a tort claim for the spoliation of evidence, whether that spoliation be negligent or intentional. Alternatively, Richardson urges this Court to hold that Sara Lee is liable under a general theory of negligence. In all fairness, we should state here that after the notice of appeal had been filed in this case, and after the Supreme Court Clerk's establishment of the briefing schedule as set out in her letter of October 14, 2002, this Court had the opportunity to consider a claim for intentional spoliation of evidence. ***Dowdle Butane Gas Co. v. Moore***, 831 So.2d 1124 (Miss. 2002). In ***Dowdle***, decided on December 5, 2002, this Court refused to "recognize a separate tort for intentional spoliation of evidence against both first and third party spoliators." ***Id.*** at 1135 (¶28). Inasmuch as we were requested in ***Dowdle*** to consider only a claim for intentional spoliation of evidence, "the question of whether we will recognize a separate cause of action for negligent spoliation of evidence we leave for another day." ***Id.*** at 1127 (¶7). Today, we are confronted with that question. In writing for the Court in ***Dowdle***, Presiding Justice Smith provided an overview of this theory's origin in California and how different jurisdictions have dealt with both intentional and negligent spoliation of evidence. *See generally id.* at 1133-35. The reasoning of this Court (and that of other jurisdictions) in refusing to recognize a separate tort of intentional spoliation included infringement on the rights of property owners, endless litigation, and uncertainty of the fact of harm. This Court held that:

> Nontort remedies for spoliation are sufficient in the vast majority of cases, and certainly, as the California courts have learned after 14 years of experience with this tort, any benefits obtained by recognizing the spoliation tort are outweighed by the burdens imposed.

4

*Id.* at 1135 (¶30). The ***Dowdle*** reasoning in refusing to recognize an independent cause of action for intentional spoliation of evidence gains even more force when applied to the issue of whether to recognize an independent cause of action for negligent spoliation of evidence. Accordingly, we decline Richardson's invitation to recognize this independent tort.

¶7. Under his alternative theory of negligence, Richardson claims that the duty to preserve the Orderpicker was created upon receipt of a letter from Richardson's counsel to Sara Lee, dated November 14, 1994, requesting an opportunity to inspect the Orderpicker. However, Richardson fails to identify any statute or case that placed a duty on Sara Lee to preserve the Orderpicker. "The failure to cite any authority can be treated as a procedural bar, and this Court is under no obligation to consider the assignments." ***Smith v. Dorsey***, 599 So.2d 529, 532 (Miss. 1992).

¶8. Notwithstanding the procedural bar, this Court is not persuaded that the November 14, 1994, letter was sufficient to place an affirmative duty on Sara Lee to preserve the Orderpicker. There is nothing further in the record addressed to Sara Lee concerning the Orderpicker until the June 18, 1996, Subpoena Duces Tecum, nearly nineteen months later. We find this letter insufficient to establish a duty by Sara Lee to preserve the Orderpicker for use in litigation by Richardson.

¶9. For these reasons, this issue is without merit, and the trial court's actions were thus proper.

> **II. WHETHER A CLAIM FOR INTENTIONAL AND/OR NEGLIGENT DESTRUCTION OF EVIDENCE IS A WORK RELATED INJURY BARRED BY THE EXCLUSIVE REMEDY PROVISION OF THE MISSISSIPPI WORKERS' COMPENSATION ACT.**

¶10. Because the decision on the first issue is dispositive, there is no need to address this second issue.

## CONCLUSION

¶11.    We affirm the trial court's grant of Sara Lee's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.  In *Dowdle*, this Court refused to recognize a separate tort for intentional spoliation of evidence against either first or third party spoliators, and this Court's reasoning in *Dowdle* certainly undergirds our decision today in refusing to recognize a separate tort for negligent spoliation of evidence. We further hold that under a general negligence theory, Sara Lee was not under any duty to preserve the Orderpicker for the benefit of any litigation in which Richardson may be involved.

¶12.    **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB AND GRAVES, JJ., CONCUR. DIAZ AND EASLEY, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.  McRAE, P.J, NOT PARTICIPATING.**