LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. Kenneth Ray Moreland was killed on May 15, 2001, while driving southbound on U.S. .Highway 45 in Prentiss County. Moreland died when the vehicle he was driving was struck by a vehicle driven by James Sappington. Immediately prior to the collision, Sappington drove in a westerly direction on County Road 7000 en route from the Kimes & Stone Construction Company office to a Kimes & Stone job site in Blackland. County Road 7000 and Highway 45 intersect; however, traffic on Highway 45 has the right-of-way through the intersection, requiring traffic on County Road 7000 to yield to through traffic.
¶ 2. Agnes Moreland, widow of Kenneth Moreland, filed suit as a wrongful death beneficiary against Kimes & Stone on December 23, 2002. Kimes & Stone filed a motion for summary judgment on April 9, 2003, arguing that Sappington was not the company’s employee, or that if he was, he was not engaged in the course and scope of that employment at the time of the accident. Moreland also moved for summary judgment regarding Sappington’s employment by Kimes & Stone. The trial court granted Kimes & Stone’s motion in a one-page opinion, and dismissed the cause with prejudice. It is from the granting of this motion that Agnes Moreland now appeals.
STANDARD OF REVIEW
¶ 3. This Court employs a de novo standard of review of a lower court’s grant or denial of summary judgment and examines all the evidentiary matters before it — admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. McCary v. Wade, 861 So.2d 358, 360(¶ 6) (Miss.Ct.App.2003). The evidence must be viewed in the light most favorable to the party against whom the motion has been made. Id. If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in the movant’s favor. Id. Otherwise, the motion should be denied.
¶ 4. Rule 56(c) of the Mississippi Rules of Civil Procedure provides that summary judgment shall be granted by a court if “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact....” M.R.C.P. 56(c). The proponent of a summary judgment motion bears the burden of showing that there are no genuine issues of material fact such that they are entitled to judgment as a matter of law. Collier v. Trustmark Nat’l Bank, 678 So.2d 693, 696 (Miss.1996).
¶ 5. The non-moving party should be given the benefit of every reasonable doubt. If any triable facts exist, the lower court’s grant of a summary judgment will be reversed; otherwise, the decision will be affirmed. Brown v. Credit Ctr., Inc., 444 So.2d 358, 362 (Miss.1983). When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere allegations or denials of his pleadings, his response must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered *379 against him. If any triable issues of fact exist, the lower court’s decision to grant summary judgment will be reversed. Otherwise, the decision is affirmed. Miller v. Meeks, 762 So.2d 302, 304(¶ 3) (Miss.2000) (internal citations omitted).
¶ 6. “The traditional features of an employment contract are (1) consent of the parties, (2) consideration for the service rendered, and (3) control by the employer over the employee.” Walls v. N. Mississippi Med. Ctr., 568 So.2d 712, 715 (Miss.1990) (citing Barragan v. W.C.A.B., 195 Cal.App.3d 637, 240 Cal.Rptr. 811, 814-815 (1987)).
¶ 7. This Court has painstakingly reviewed the depositions submitted in support of the motions for summary judgment. Neither side has met its burden in their respective motions for summary judgment. From the deposition testimony submitted as exhibits to the motions for summary judgment, there are definitive questions of fact for the jury to consider. According to Marilyn Sappington, her husband was on his way to work in response to a call from Rimes & Stone offering him another seasonal position with the company. According to Steven Stone, Sapping-ton was on his way to test a piece of machinery to determine whether or not he would be hired to work for the company. According to both Gary and Steven Stone, employees were paid while they trained on a piece of equipment. According to Steven Stone’s testimony after he and Sappington met at the main office in Booneville, he directed Sappington to the job site at Blackland. Also, Steve Stone admitted that Rimes & Stone does not allow non-employees to operate their equipment or to roam the Rimes & Stone work sites.
¶ 8. There are definite questions of fact regarding what control Rimes & Stone had over Sappington. Steven Stone testified that the company would allow their workers to transport themselves to a work site, but the company preferred to provide transportation. There was also testimony from Sharon Stone Lindsey, who manages the payroll for the company, that to her knowledge no one received payment for travel time to the work sites. There was testimony that the company sometimes provided its employees with gas for use in their personal vehicles. All these snippets of testimony combine to afford a question of fact as to whether or not James Sap-pington was within the control of Rimes & Stone as he headed towards the job site at Blackland. Furthermore, it is clear that Rimes & Stone controlled the manner and method of work at the various job sites, and that Rimes & Stone had previously controlled Sappington’s manner and method of work when he was hired on in previous years for seasonal work.
¶ 9. The question remains at which point in time, if any, did Rimes & Stone and Sappington create the employer/employee relationship. This is a question of fact for the jury to determine, and therefore summary judgment for either party was not proper.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF PRENTISS COUNTY IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
RING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.