CHANDLER, Justice,
Dissenting:
¶ 24. On May 10, 2011, the trial judge entered an order extending discovery for forty-five days.[5] Summary judgment was denied within that forty-five-day period on May 27, 2011. “Where additional facts will add clarity and a greater assurance of a just disposition on the merits, the trial court should deny the summary judgment.” Hudgins v. Pensacola Const. Co., Inc., 630 So.2d 992, 993 (Miss.1994) (citation omitted). I would find that the lack of discovery renders the grant of summary judgment premature in this case. Therefore, I would affirm the trial court’s denial of summary judgment.
¶ 25. The City filed its motion for summary judgment on February 15, 2011. On March 17, 2011, plaintiffs filed a response in opposition to the defendants’ motion for summary judgment. In their response, plaintiffs stated that their expert, Dennis Waller, would testify that the police officers’ actions on the night of September 17, 2007, were a result of reckless disregard. Specifically, the plaintiffs explained that Waller would testify that a NCIC background check would have revealed that Phillips was a felon in possession of a firearm and that the officers’ failure to do so is “contrary to sound law enforcement practice and nationally accepted standards of police training and practice.” The plaintiffs also provided this information in their interrogatory responses on March 18, 2011.
¶ 26. On April 20, 2011, the trial court held a summary judgment hearing. The plaintiffs argued specifically that the City had not yet provided the police officers for depositions. Further, the plaintiffs stated that, in order to meet their burden of proof, they needed the officers’ testimony. The defendants do not contest that the hearing occurred. They state only that no *693 court reporter was present to transcribe the proceedings. On May 10, 2011, the trial court ordered an additional forty-five days for discovery. The City of Jackson did not designate the order for the record, however, the docket sheet reflects that an order was entered for additional discovery. The plaintiffs state that their attempts to depose any officers within the discovery period were unsuccessful due to the defendants’ steadfast resistance to all requests to schedule depositions. The trial court denied the defendants’ motion for summary judgment on May 27, 2011.
¶ 27. The decision to grant or deny a continuance is within the sound discretion of the trial court and will be reversed only where the court abuses that discretion. Prescott v. Leaf River Forest Prods., Inc., 740 So.2d 301, 306 (Miss.1999). This Court has stated that “[t]he rule itself contemplates that the completion of discovery is, in some instances, desirable before the court can determine whether there is a genuine issue of material fact.” Marx v. Truck Renting & Leasing Ass’n, Inc., 520 So.2d 1333, 1343 (Miss.1987). In addition, the opportunity to flesh out discovery may be required especially where the information necessary to oppose the motion for summary judgment is within the possession of the party seeking summary judgment.” Id. at 1344. In this case, the City is seeking summary judgment and holds the relevant discovery-the officer testimony. The trial judge entered an order on May 10, 2011, to extend the time for discovery. He denied the defendants’ motion for summary judgment on May 27, 2011. I would find that the judge properly denied this motion so that discovery might be completed.
¶ 28. The plaintiffs gave a detailed interrogatory response, informing the City of Waller and his expertise in law-enforcement matters, police policies, and standard police practices. The plaintiffs stated that Waller has been retained in nearly thirty states and has served as an expert witness in state and federal courts. In addition, the plaintiffs informed the City that Waller had reviewed the police reports, Phillips’s arrest report, and all other relevant pleadings filed. The plaintiffs also stated that Waller would testify that the officers’ actions were reckless and unreasonable and that their actions were the proximate cause of Shavers’s death. The trial judge had this information before him when he entered his order to extend discovery.
¶ 29. The only evidence in the record detailing the events of the night of the shooting stems from officers’ and witnesses’ narratives. The narratives provided the following: there was uncertainty surrounding the actions of the officers pri- or to the shooting; Phillips shot Shavers after the officers left; the officers who arrived at the scene after the shooting secured the scene and interviewed witnesses; witnesses saw Phillips with a gun; and officers detained Phillips after the shooting. In accordance with the judge’s order, more discovery would aid in the clarification and explanation of the circumstances surrounding the shooting.
¶ 30. “In situations where there is doubt as to whether a genuine issue of material fact exists, a trial judge should err on the side of denying a motion for summary judgment and permitting full trial on the merits.” Todd v. First Baptist Church of W. Point, 993 So.2d 827, 829 (Miss.2008) (citation omitted). I would find this Court’s decision premature based on outstanding discovery issues in this matter. Specifically, I would find that the issue of whether the officers’ failure to do a background check warrants an unveiling of all relevant facts surrounding that eve- *694 rang, which ended in the shooting death of Doris Shavers.
KITCHENS AND KING, JJ., JOIN THIS OPINION.

. While the majority contends that the time for discovery is not provided in the record, the plaintiffs state, in their brief, that the extension was for forty-five days. The defendants do not contest in their initial brief or reply brief that the order provided forty-five days for additional discovery.