METHODIST HOSPITAL OF MISSISSIPPI ANNUAL CONFERENCE, DEFENDANT-APPELLANT *v.* GAMMEL, PLAINTIFF-APPELLEE

No. 43388 March 8, 1965 172 So. 2d 762

230

*M. M. Roberts,* Hattiesburg, for appellant.

*Kepper* & *Kepper,* Hattiesburg, for appellee.

PATTERSON, J.

This is an appeal by the Methodist Hospital of Mississippi Annual Conference from a judgment of $1,000 rendered against it by jury verdict in the Circuit Court of Forrest County as the result of alleged negligence on the part of the defendant in failing to have side rails attached to plaintiff's bed and in leaving the plaintiff unattended, both to his resultant injury.

Plaintiff entered the hospital on October 8, 1962, for treatment of a moderate concussion. Since he was conscious and lucid, no bed rails were directed by the attending physician to be placed upon the bed. Thereafter, on October 18, 1962, the plaintiff fell from the bed under the following circumstances:

"Q. I want you to tell the court and jury just the circumstances under which you fell.

"A. Well, I was just laying there and I had to use the urinal and I pulled the cord and I imagine I laid there about thirty minutes, and wouldn't nobody come in there, so I decided to try to get the urinal out of that bed stand, and when I reached over to open the door, — they wouldn't let me set that urinal on top of the stand where I could reach it, and when I reached over to unlatch that door I just went right off on my head, and that's the last thing I remember."

This incident is disputed only in that the nurse's report indicates the plaintiff to have fallen upon his hands and knees rather than upon his head, and by the attending physician's testimony that he examined a minor cut upon the plaintiff's knee as a result of this fall.

Two days thereafter the plaintiff while unattended, again fell, according to his sole testimony, under these circumstances while using a portable commode.

"Q. All right. Don't say what you said to the orderly, but what happened.

"A. Well, I sat there and I got to hurting and I got dizzy, so I got up and pulled the light cord, and that's the last thing I remember."

After these incidents, Dr. Z. B. Graves, the attending physician, directed side rails to be put upon the bed as a deterrent to the patient's attempts to reach for articles upon the bedside stand. These rails remained upon the bed for approximately two days. The doctor also testified that dizziness usually accompanies a brain concussion with a loss of equilibrium when standing, and for this reason, among others, a patient suffering with such condition is normally instructed to remain in bed, as was the plaintiff.

The defendant offered no testimony. It assigns as error the failure of the trial court to sustain its motion for a peremptory instruction at the conclusion of the plaintiff's testimony.

██ █ We are of the opinion and so hold that the court below erred in not sustaining the defendant's motion for a peremptory instruction as there is no causal relation between the negligence alleged and the resultant injuries in that the plaintiff was lucid at the time of both incidents, and the falls on both occasions were, by the plaintiff's own testimony, caused by his own deliberate actions. The record is devoid of evidence which either proves or tends to prove that the absence

of the bed rails contributed to the fall, or that the presence of bed rails would have prevented the fall. The record is likewise devoid of any proof indicating any negligence whatsoever in regard to the plaintiff's fall from the portable commode. It, in fact, indicates that the plaintiff rather than being prudent was acting in violation of his physician's instructions that he remain in bed, and that his injuries, if any, resulted from his disregard of his doctor's instructions and not from the want of reasonable care and attention for the safety of the plaintiff on the part of the hospital. See *Lyle v. Johnson*, 240 Miss. 154, 126 So. 2d 266 (1961) and *Scoggins v. Vicksburg Hospital, Inc.*, 229 Miss. 770, 782, 91 So. 2d 837 (1957) wherein the rule of causal connection between the negligence charged and resultant injury is announced:

> The rule is well settled that, to recover in an action of this kind, it is necessary that the plaintiff show not only that the defendant was guilty of negligence, but also that the negligence alleged was the proximate cause of the injury. ██ █ And, in order to establish that a negligent act or omission was the proximate cause of an injury, it must be shown that the injury was foreseen, or that it reasonably should have been foreseen, as the natural and probable result of the negligence.

And, *Illinois Cent. R.R. v. Crawford*, 244 Miss. 308, 312, 143 So. 2d 427 (Overruling suggestion of error in 244 Miss. 300, 140 So. 2d 90 (1962).

██ █ We are of the opinion that the plaintiff failed to prove negligence on the part of the defendant and that he further failed to prove, assuming there to be negligence, any causal connection between the assumed negligence and the resultant injury.

The motion of the defendant for a peremptory instruction at the close of the plaintiff's testimony should

234

have been sustained. The cause is therefore reversed
and rendered here for the defendant.

Reversed and rendered.

*Lee, C. J., and Ethridge, Gillespie and Jones, JJ.,*
concur.