498 So.2d 389 (1986)
Annie Lee TURNER
v.
Linda Fay JOHNSON.
No. 56089.
Supreme Court of Mississippi.
November 26, 1986.
Douglas J. Smith, Jr., Robertshaw, Terney & Noble, Greenville, for appellant.
Andrew N. Alexander, III, Lake, Tindall, Hunger & Thackston, Greenville, for appellee.
Before ROY NOBLE LEE, P.J., and ANDERSON and GRIFFIN, JJ.
ROY NOBLE LEE, P.J., for the Court:
Annie Lee Turner appeals from a summary judgment entered by the Circuit Court of Washington County, in favor of Linda Fay Johnson, dismissing the complaint for personal injuries filed by Annie Lee Turner. She assigns the following error in the trial below:
THE LOWER COURT ERRED IN HOLDING THAT THERE EXISTS NO GENUINE ISSUE AS TO ANY MATERIAL FACT, AND THAT APPELLEE IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO THE ISSUE OF NEGLIGENT MAINTENANCE.
Appellee owns a residence located in Greenville, Mississippi. In the rear of the building is an area with a separate access to the street, which has been converted into a beauty salon with beauty equipment and furnishings, including hair dryers. She operates the beauty salon on a part-time basis. Around April, 1982, appellee orally agreed with Mrs. Ledora Duncan, a cosmetologist/beauty operator, whereby Mrs. Duncan would pay appellee the sum of twenty-five dollars ($25.00) per week for the part-time use of appellee's salon equipment and shop facilities. Mrs. Duncan furnished her own beauty supplies.
On July 2, 1982, appellant made an appointment with Mrs. Duncan for a hair style and arrived at the beauty salon between 12 and 1 p.m. for that purpose. Mrs. *390 Duncan began working on appellant's hair around 3:30 p.m. and appellant was placed under a hair dryer where she remained for 30-40 minutes. When Mrs. Duncan began to remove the dryer hood from appellant's head, and disengage the fan and heater in the dryer, the plastic cap and appellant's head and a towel around her neck flamed up. Appellant stated that she heard a "popping" sound which appeared to come from the dryer at the time or just prior to the accident. When appellant discovered that the back of her neck was on fire, in attempting to leave the dryer, she fell to the floor, sustaining a painful sprain to her left ankle. As a result of the fire, appellant suffered severe, painful burns to the back of her neck, resulting in scarring and disfigurement, along with medical and related expenses.
The sole allegation and claim of appellant in the complaint and on this appeal is that appellee negligently maintained the hair dryer. That position necessarily relies upon the fact that there was a defect in the hair dryer. Appellant further contends that appellee was negligent in failing to cause an inspection to be made of the hair dryer equipment, which constituted negligence. Appellee denies that she was negligent for failure to cause a periodic inspection of the equipment and denies that there was causal connection between the fire and a breach of duty on the part of appellee.
In order to make out a prima facie case, appellant was required to show genuine issues of fact, which consist of (1) duty, (2) breach, (3) injury, and (4) a causal relationship between appellee's alleged breach of duty and appellant's injury. Walton v. Chrysler Motor Co., 229 So.2d 568 (Miss. 1969); Callender v. Cockrell, 217 So.2d 643 (Miss. 1969); Methodist Hospital of Mississippi Annual Conference v. Gammell, 252 Miss. 229, 172 So.2d 762 (1965); Scoggins v. Vicksburg Hospital, Inc., 229 Miss. 770, 91 So.2d 837 (1957).
In the case sub judice, appellant failed to prove a defective condition in the hair dryer, existing at the time of the injury; or that in exercise of reasonable care she would have discovered a defective condition. There was no genuine issue of fact for the jury to determine whether or not there was a defective condition in the hair dryer. For instance, a curl solution was used by the beauty operator on appellant's hair. There is no evidence to negate the fact that the solution may have been the cause of the fire. There is nothing to negative the fact that the beauty operator may have done something improperly in the removal of the dryer hood which caused the fire. There was no evidence of any defective condition in the hair dryer equipment itself which caused the fire.
The record contains the depositions of appellee; Ledora Duncan, the beauty operator; and appellant. It also contains the affidavit of Ledora Duncan. The evidence is uncontradicted that, prior to the accident, the hair dryer had worked properly and been used for its intended purpose without trouble since appellee acquired it in 1980. In August, 1982, after appellee had received a summons in this case, she had the hair dryer inspected by electrician John Swafford, who found nothing defective or wrong with it and so reported to appellee. Both appellee and Ledora Duncan continued to use the hair dryer without mishap from the time of the accident until their depositions were taken. In Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss. 1983), the Court stated:
The argument that there exists no genuine triable issue of material fact is the functional equivalent of a request for a peremptory instruction. It merely occurs at an earlier stage in the life of a civil action. The trial court must review carefully all of the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If in this view the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied.
*391 In Vickers v. First Mississippi National Bank, 458 So.2d 1055, 1061 (Miss. 1984), the Court further said:
Not all disputed issues of fact may be sufficient to defeat a motion for summary judgment or to require trial on the merits; only material issues of fact. Put another way, if, viewing the evidence in the light most favorable to the party against whom the motion has been made, that party's claim or defense still fails as a matter of law, summary judgment generally ought to be granted, even though there may be hot disputes regarding nonmaterial facts.
Also, see Smith v. First Federal Savings & Loan Association of Grenada, 460 So.2d 786 (Miss. 1984).
We have carefully reviewed the pleadings, depositions, affidavits and exhibits and are of the opinion that there was no genuine issue of fact for the jury to decide and that, as a matter of law, the appellee was entitled to summary judgment dismissing the complaint. The lower court was eminently correct in granting the summary judgment and that judgment is affirmed.
AFFIRMED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.