652 So.2d 179 (1995)
Judy HERNANDEZ
v.
VICKERY CHEVROLET-OLDSMOBILE COMPANY, INC.
No. 91-CA-01097-SCT.
Supreme Court of Mississippi.
March 23, 1995.
*180 William R. Striebeck, Greenville, for appellant.
Marc A. Biggers, Lonnie D. Bailey, Upshaw Williams Biggers Page & Kruger, Greenwood, for appellee.
Before PRATHER, P.J., and PITTMAN and SMITH, JJ.
PRATHER, Presiding Justice, for the Court:

I. INTRODUCTION
Judy Hernandez ("Hernandez") and her husband, Curtis Hernandez, now deceased, sued Vickery Chevrolet-Oldsmobile Co., Inc. ("Vickery"), regarding the purchase of a 1991 Chevrolet truck. Hernandez claimed that Vickery represented a used truck as a new one and that this representation constitutes common law fraudulent misrepresentation, a violation of Miss. Code Ann. § 75-24-5 (Mississippi's Consumer Protection Act), and a violation of the Mississippi Motor Vehicle Commission law. Hernandez sought actual and punitive damages. Vickery moved for summary judgment or, in the alternative, partial summary judgment. The trial court found, as a matter of law, that the truck at issue was new and summary judgment was granted in favor of Vickery. Hernandez now appeals to this Court, seeking review of the following issues:
A. Whether the trial court erred in granting summary judgment on the issue of whether the truck was new or used at the time of the sale to Hernandez;
B. Whether the trial court erred in determining a mixed question of law and fact;
C. Whether the trial court erred by not considering applicable provisions of the Uniform Commercial Code regarding the sale of motor vehicles;
D. Whether the trial court erred in granting summary judgment against Hernandez on her claim for damages under the theory of common law fraud;
E. Whether the trial court erred in granting summary judgment against Hernandez on her claim for damages under the Consumer Protection Act; and
F. Whether the trial court violated Hernandez's constitutional rights by granting summary judgment.

II. FACTS AND PROCEDURAL HISTORY
In August 1990, Morris Williams attempted to purchase a 1991 Chevrolet truck from Vickery. Williams completed an application for title and retail installment contract and was to provide a $500.00 down payment and secure insurance coverage. Williams drove the truck home, planning to return to Vickery with the down payment and proof of insurance, else return the vehicle. Williams was unable to procure insurance coverage, so he returned the vehicle one week after he had initially driven it home from Vickery. Vickery discarded all relevant documents, with the exception of the invoice. Michael Anderson, Vickery's corporate designee, stated that this was common practice at Vickery.
In October 1990, Judy Hernandez visited Vickery and told Anita Inmon, a salesperson with Vickery, that she was interested in a new truck. Hernandez became interested in the same 1991 Chevrolet truck which Williams had attempted to purchase. Hernandez and Inmon reached an agreement on *181 the price of this truck, then Hernandez was turned over to Vickery's Finance Manager, Michael Wood. With Wood, Hernandez executed the necessary sales documents. When Wood opened the warranty book to record Hernandez's name and vehicle mileage, he found Morris Williams' name. Wood began to "white out" Williams' name, but Hernandez suggested instead that Wood tear out the first page of the warranty book and record her name and address on the cover. Hernandez also executed an odometer statement, as required by the Mississippi State Tax Commission, showing that the vehicle's mileage was 1,790. Hernandez asked Inmon and Wood how this mileage was accrued and was told it was due to test drives or that perhaps a sale had fallen through.
Later in October 1990, Hernandez discovered an entry in the vehicle's maintenance schedule booklet which revealed an odometer reading of 17 on the purchase date of August 17, 1990. Upon contacting GMAC headquarters, she learned that her truck had been delivered to Morris Williams in August 1990. Hernandez next contacted Williams to discuss his involvement with the vehicle and then approached various Vickery employees, seeking a reduction in the purchase price of the truck because it was used rather than new.
Hernandez's title to the truck, issued by the Mississippi State Tax Commission, is an original title as the truck had never before been titled in the name of any individual.
Hernandez and her husband, Curtis Hernandez, now deceased, sued Vickery, claiming that Vickery represented a used truck as a new one and that this representation constitutes common law fraudulent misrepresentation, a violation of Miss. Code Ann. § 75-24-5 (Mississippi's Consumer Protection Act), and a violation of the Mississippi Motor Vehicle Commission law. Hernandez sought actual and punitive damages. Vickery moved for summary judgment or, in the alternative, partial summary judgment, claiming that there was no misrepresentation as a matter of law. The trial court found, as a matter of law, that the truck at issue was new and summary judgment was granted in favor of Vickery.

III. THE LAW
Rule 56(c) of the Mississippi Rules of Civil Procedure allows summary judgment where there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. To prevent summary judgment, the non-moving party must establish a genuine issue of material fact by means allowable under the Rule. Frank v. Dore, 635 So.2d 1369, 1373 (Miss. 1994); Lyle v. Mladinich, 584 So.2d 397, 398 (Miss. 1991).
This Court will review de novo a decision to grant summary judgment. Nationwide Mut. Ins. Co. v. Garriga, 636 So.2d 658, 660 (Miss. 1994); Short v. Columbus Rubber & Gasket Co., 535 So.2d 61, 63 (Miss. 1988). If any triable issues of fact exist, the lower court's decision to grant summary judgment will be reversed. Otherwise, the decision is affirmed. Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss. 1983). This Court, however, views the evidence in the light most favorable to the non-moving party. Turner v. Johnson, 498 So.2d 389, 390 (Miss. 1986).

A. Whether the trial court erred in granting summary judgment on the issue of whether the truck was new or used at the time of the sale to Hernandez.
The trial court found, as a matter of law, that the truck purchased by Hernandez was new. The ruling reveals that the judge relied on both the Motor Vehicle Commission Law, which Hernandez claimed was violated by Vickery, and the Motor Vehicle Title Law. The judge reasoned that since no title had ever been issued to Morris Williams, the truck had not previously been sold.
"[A] motor vehicle which has not been previously sold to any person except a distributor or wholesaler or motor vehicle dealer for resale" is new, as defined by the Mississippi Motor Vehicle Commission Law. Miss. Code Ann. § 63-17-55(d) (Supp. 1994)[1]. *182 The Motor Vehicle Commission Law defines the retail sale of a motor vehicle as "the act or attempted act of selling, bartering, exchanging, or otherwise disposing of a new motor vehicle to an ultimate purchaser for use as a consumer." Miss. Code Ann. § 63-17-55(f) (Supp. 1994)[2]. An ultimate purchaser is one who "in good faith purchases [a] motor vehicle for purposes other than for resale." Miss. Code Ann. § 63-17-55(e) (Supp. 1994)[3].
Miss. Code Ann. § 63-17-53 (1972) reveals that the Legislature found the Motor Vehicle Commission Law necessary "to prevent frauds, unfair practices ... [and] to prevent false and misleading advertising." To carry out this purpose, the Law prohibits certain acts in connection with the sale of motor vehicles. See Miss. Code Ann. § 63-17-73 (1972 and Supp. 1994). Pertinent here is § 63-17-73(1)(b)(2) (1972 and Supp. 1994), which makes it a misdemeanor for a motor vehicle dealer or salesman "[t]o represent and sell as a new motor vehicle any motor vehicle which has been used and operated for demonstration purposes or which is otherwise a used motor vehicle."
There is no complaint of a fraudulent act related to the attempted sale of the truck to Williams, nor does Hernandez claim that Vickery merely attempted to sell the truck to her, using fraudulent means. Hernandez claims, instead, that the completed sale to her was procured by fraudulent means, i.e., that Vickery represented to her that the truck she purchased was new, although it was actually a used truck due to the attempted prior sale to Williams.
However, Hernandez learned of the truck's history when executing the necessary sales documents. When she inquired as to the vehicle's mileage, Vickery employees informed her that either the truck had been test driven or had been the subject of a sale which had fallen through. There was full disclosure to Hernandez, no down payment was made on the truck, no title passed to Williams, and no insurance coverage was purchased by him. Construing the Motor Vehicle Commission Law together with the Motor Vehicle Title Law, the trial judge did not err in finding, as a matter of law, that the truck was new.

B. Whether the trial court erred in determining a mixed question of law and fact.
Hernandez claims that whether the truck was new or used at the time she purchased it is a mixed question of fact and law, therefore the trial court erred in answering this question on motion for summary judgment. However, the facts surrounding the attempted sale to Williams are not disputed. Interpretation of statutes is a matter of law rather than an issue for the jury, else there would be differing results on the same facts. Resolution of the "new v. used" question is a matter of law. See Weigel v. Ron Tonkin Chevrolet Co., 298 Or. 127, 690 P.2d 488, 490 (1984) (question of whether automobile is new or used within the meaning of a particular statute is a question of law for the court). The trial court did not err in summarily determining that the truck was new.

C. Whether the trial court erred by not considering applicable provisions of the Uniform Commercial Code regarding the sale of motor vehicles.
Hernandez contends that the trial court erred when it failed to consider the applicable portions of the Mississippi Uniform Commercial Code, particularly § 75-2-401(2) (1972). This section reads, in pertinent part, "title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods." Miss. Code Ann. § 75-2-401(2) (1972).
If the question in this case had been whether title had passed to Williams, this section of the UCC would be relevant. However, Hernandez claims a violation of the Motor Vehicle Commission Law; the issue is whether the truck was new or used when she purchased it. This question is answered without exceeding the confines of the Motor *183 Vehicle Commission Law and the Motor Vehicle Title Law. The trial court did not err in failing to consider Miss. Code Ann. § 75-2-401(2) (1972).

D. Whether the trial court erred in granting summary judgment against Hernandez on her claim for damages under the theory of common law fraud.
[10] The elements of fraud are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on the representation's truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.
Singing River Mall Co. v. Mark Fields, Inc., 599 So.2d 938, 945 (Miss. 1992). Hernandez claims the false representation was that the truck was new. However, the trial court correctly found that the truck was new. When the proof regarding only one element of a plaintiff's claim fails, the defendant is entitled to summary judgment, despite any factual disputes regarding the remaining elements of the claim. Grisham v. John O. Long V.F.W. Post, 519 So.2d 413, 416 (Miss. 1988). Summary judgment was properly granted in favor of Vickery on the fraud claim.

E. Whether the trial court erred in granting summary judgment against Hernandez on her claim for damages under the Consumer Protection Act.
Hernandez also claims Vickery violated Miss. Code Ann. § 75-24-5(2)(f) (Supp. 1994)[4], which prohibits "[r]epresenting that goods are original or new if they are reconditioned, reclaimed, used, or secondhand." Hernandez cannot prevail on this issue because the truck was "new" as a matter of law.

F. Whether the trial court violated Hernandez's constitutional rights by granting summary judgment.
When summary judgment is properly granted, there is no violation of the constitutional right to trial by jury. Brown, 444 So.2d at 362. Summary judgment was properly granted here; there was no violation of Hernandez's constitutional right to trial by jury.

IV. CONCLUSION
The trial court did not err in granting summary judgment on Hernandez's claim that Vickery had violated the Motor Vehicle Commission Law. Pursuant to this Law, construed in combination with the Motor Vehicle Title Law, the truck purchased by Hernandez was new at the time she bought it. No portion of the UCC need be considered in order to reach a conclusion on the "new v. used" issue. This is a matter of law for the court rather than a question of fact for a jury.
The trial court did not err in granting summary judgment on Hernandez's claim of fraud. The truck was new, therefore Vickery's representation of the truck as new is not a false representation. Without proof of this elements of fraud, any number of other factual disputes can not prevent summary judgment.
The trial court did not err in granting summary judgment on Hernandez's claim that Vickery violated the Consumer Protection Act because the truck was new as a matter of law.
Hernandez's constitutional right to trial by jury was not violated by the trial court's grant of summary judgment on any claim.
JUDGMENT IS AFFIRMED.
HAWKINS, C.J., DAN M. LEE, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
NOTES
[1] There is no change in this verbiage from the 1972 bound volume; the 1994 Supplement merely changes the subsections' designations from numerical to alphabetical.
[2] See footnote 1.
[3] See footnote 1.
[4] Previously found at § 75-24-5(f) (1972).