## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CA-01793-SCT

*JOHN GILBERT HUST*

*v.*

*FORREST GENERAL HOSPITAL*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/10/1998 |
| TRIAL JUDGE: | HON. RICHARD W. McKENZIE |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ANTHONY SAKALARIOS |
| ATTORNEYS FOR APPELLEE: | R. WEB HEIDELBERG |
| | JAMES GARFUS THORNTON |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 05/04/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/25/2000 |

**BEFORE BANKS, P.J., WALLER AND DIAZ, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. On June 29, 1994, John Gilbert Hust filed a complaint against Forrest General Hospital in the Circuit Court of Forrest County, Mississippi, seeking compensatory damages for breach of an employment contract. On July 11, 1994, Hust amended the complaint to include a claim for libel and slander. By order dated November 10, 1998, the circuit court granted partial summary judgment against Hust on his claim for libel and slander and that judgment is not an issue on this appeal. The court also, on that date, granted Forrest General Hospital's motion for summary judgment on Hust's remaining claim for breach of contract. Feeling aggrieved, Hust appealed to this Court. Because Hust has failed to create a genuine issue of material fact on the essential elements of his claims, we affirm the circuit court's grant of summary judgment in favor of Forrest General Hospital.

### STATEMENT OF THE FACTS

¶2. Hust was employed as an electrician at Forrest General following the execution of an application on March 25, 1986, which stated in pertinent part: "I understand my employment and compensation can be

terminated with or without notice, at any time at the option of the Hospital or myself." In May of 1994, Forrest General received a complaint from a female employee that Hust had made sexually harassing statements and overtures to her. After investigating the complaint, Forrest General terminated Hust.

## STANDARD OF REVIEW

¶3. The circuit court's grant of summary judgment is reviewed by this Court de novo. ***Hernandez v. Vickery Chevrolet-Oldsmobile Co.***, 652 So. 2d 179, 181 (Miss. 1995). The Court's review is governed by the same standard used by the circuit court under Rule 56(c) of the Mississippi Rules of Civil Procedure. ***Brown v. Credit Ctr., Inc.***, 444 So. 2d 358, 362 (Miss. 1983). The trial court must review carefully all of the evidentiary matters before it: admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion is made. ***Id.*** If there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment should be granted in the moving party's favor. ***Id.***

¶4. The burden of demonstrating that no genuine issue of material fact exists is on the moving party. ***Id.*** To defeat a motion for summary judgment, the nonmoving party must make a showing sufficient to establish the existence of the elements essential to his case. ***Id.*** In other words, the nonmovant must present affirmative evidence that a genuine issue of material fact exists. As to the issues on which the nonmovant bears the burden of proof at trial, the movant needs only to demonstrate an absence in the record to support an essential element of the movant's claim. ***Crain v. Cleveland Lodge 1532, Order of Moose, Inc.***, 641 So. 2d 1186, 1188 (Miss. 1994). The nonmovant then bears the burden by affidavit or otherwise of setting forth "specific facts showing that there are indeed genuine issues for trial." ***Fruchter v. Lynch Oil Co.***, 522 So. 2d 195, 199 (Miss. 1988). The nonmovant should be given the benefit of every reasonable doubt. ***Rosen v. Gulf Shores, Inc.***, 610 So. 2d 366, 368 (Miss. 1992).

## DISCUSSION OF LAW

### Breach of Employment Contract

¶5. Forrest General states that Hust's termination was based solely on the allegation of sexual harassment. Hust argues that the sexual harassment allegation was not properly investigated and that the discipline procedures in the employee handbook were not followed. Specifically he argues that, contrary to the handbook, he was never given a warning concerning the initial complaint of sexual harassment before being terminated.

¶6. Hust was given an employee handbook when he began to work for Forrest General, but the handbook was revised through the years and it is questionable whether Hust received all of the revisions. The record contains excerpts from two different, undated handbooks. With regard to disciplinary policy, one of the handbooks states the following:

Following is a summary of the hospital's disciplinary action and procedures:

1. Warning - A verbal or written warning will be issued when conduct of the employee does not at that time warrant suspension or discharge. Such warnings are considered serious matters and each written warning becomes an official part of an employee's personnel record. Employees will be asked to sign written warnings to acknowledge receipt of the warnings. If employee refuses to sign document indicating that conference had been done, it is considered as intentional insubordination and will be

acknowledged as such.

2. Suspension Without Pay - More serious misconduct or repetition of an offense for which a warning was previously issued may result in disciplinary suspension without pay.

3. Discharge - Repetition of an offense for which prior discipline has been imposed may result in discharge from the employment of our hospital. It is important, however, to point out that the hospital reserves the right to discharge an employee without prior warning for serious violations of hospital rules and regulations. All conferences are held between the employee and Hospital representative.

Hust argues that this language is the source of his contractual right to a warning before immediate termination.

¶7. It is undisputed that there was no written employment contract specifying the length of Hust's employment. Nonetheless, this Court has held that statements found in a personnel or pension manual or other representations can create contractual obligations, even in the absence of a written agreement. ***Bobbitt v. Orchard, Ltd.***, 603 So. 2d 356, 360 (Miss. 1992). Forrest General argues, however, that these cases are of no avail to Hust because both handbooks in the record contain a disclaimer which preserves Forrest General's right to terminate Hust at will. Disregarding what effect the alleged disclaimer may or may not have on Forrest General's right to terminate Hust, it is important to note that both handbooks allow for immediate termination for serious infractions. And there is no language in the handbooks that created a reasonable contractually-based expectation in Forrest General's employees that an allegation of sexual harassment would be treated as a less than serious infraction or require a warning before termination. Viewing the evidence in the light most favorable to Hust, the facts of this case do not support his claim for breach of employment contract.

## Wrongful Termination/Public Policy Exception

¶8. This Court has modified the employment-at-will doctrine by carving out a narrow public policy exception which allows an employee at-will to sue for wrongful discharge where the employee is terminated because of (1) refusal to participate in illegal activity or (2) reporting the illegal activity of his employer to the employer or anyone else. ***McArn v. Allied Terminix Co.***, 626 So. 2d 605, 606-07 (Miss. 1993).

¶9. Hust claims that he was actually fired because of his knowledge and complaints concerning illegal activity in the construction bidding process and appropriation of federal funds at Forrest General. However, as the circuit court noted, neither Hust's complaint nor amended complaint pled a public policy exception to the at-will doctrine; nor did Hust's written discovery responses state or even allude to such a position. Nevertheless, Hust has failed to create a genuine issue of material fact as to whether he was wrongfully discharged in violation of the pubic policy exception. The record reveals that Hust never reported any illegal activity to anyone in authority at Forrest General. And although the record shows that Hust voiced concerns to a co-employee, there is no evidence that the co-employee ever reported Hust's concerns to anyone in a position to discharge or cause the discharge of Hust. Moreover, the uncontroverted affidavit of Lowery Woodall, the individual who made the ultimate decision to terminate Hust, states that Hust never reported to him any allegations that the hospital was involved in any improper bidding procedures. Viewing all of the evidence in the light most favorable to Hust, the facts of this case do not support a claim for wrongful termination.

## CONCLUSION

¶10. For the foregoing reasons, the Forrest County Circuit Court's grant of summary judgment in favor of Forrest General Hospital is affirmed.

¶11. **AFFIRMED.**

> **PRATHER, C.J., PITTMAN AND BANKS, P.JJ., McRAE, SMITH, MILLS, COBB AND DIAZ, JJ., CONCUR.**