952 So.2d 1008 (2006)
Betty Jo WALKER, Appellant
v.
McCLENDON CARPET SERVICE, INC., Appellee.
No. 2005-CA-01065-COA.
Court of Appeals of Mississippi.
November 21, 2006.
Rehearing Denied March 27, 2007.
Michael P. Younger, Brandon, attorney for appellant.
Mark D. Morrison, Ridgeland, attorney for appellee.
Before MYERS, P.J., SOUTHWICK and GRIFFIS, JJ.
*1009 GRIFFIS, J., for the Court.
¶ 1. Betty Jo Walker assigns error to the lower court's granting of summary judgment in favor of McClendon Carpet Service, Inc. We find error and reverse and remand.

FACTS
¶ 2. On January 4, 1999, Betty Jo Walker was returning to her apartment in the Crosswinds Apartment community in Rankin County, when she slipped on what appeared to be a patch of ice. Prior to her arriving home, Bryson Carpet Service had cleaned the carpet of the apartment unit directly above Walker's apartment. Walker alleges that water from the carpet cleaning machinery spilled or leaked down and pooled onto the sidewalk. Due to the very low temperatures in January, the pool of water froze and formed the sheet of ice on which she slipped.
¶ 3. Through discovery, Walker determined that Crosswinds Apartments had contracted with McClendon Carpet Service, Inc., to provide cleaning services for the complex. McClendon was unable to clean the particular apartments, so it contacted Bryson Carpet Service to provide the cleaning services.
¶ 4. Bryson Carpet Service is a sole proprietorship, owned and operated by Dennis Bryson. Prior to this incident, Dennis Bryson was an employee of McClendon Carpet Services, Inc. He left McClendon's employment in 1996. On January 1, 1998, Bryson bought a carpet cleaning van, also called a "rig," from McClendon. As part of the payment, Bryson agreed to provide cleaning services on properties currently under contract with McClendon. For compensation for these cleaning services, Bryson would receive 50% compensation and McClendon would receive the remaining 50%. McClendon would furnish the cleaning chemicals for the work to be performed on these properties. Responsibility of repairs of the "rig" would be decided by McClendon and Bryson at the time needed. This agreement was in effect from January 1, 1998, to December 31, 1998.

STANDARD OF REVIEW
¶ 5. Rule 56(c) of the Mississippi Rules of Civil Procedure allows summary judgment when there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. To determine if there are genuine issues of material facts, the trial court may look beyond the pleadings. Grant v. State, 686 So.2d 1078, 1091 (Miss.1996). This Court will review a decision to grant summary judgment de novo. Hernandez v. Vickery Chevrolet-Oldsmobile Co., Inc., 652 So.2d 179, 181 (Miss.1995). If any triable issues of material fact exist, the lower court's decision to grant summary judgment will be reversed, otherwise the decision is affirmed. Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss.1983). This Court views the evidence in the light most favorable to the non-moving party, here Walker. Turner v. Johnson, 498 So.2d 389, 390 (Miss.1986).

ANALYSIS
¶ 6. Walker argues that there was a genuine issue of material fact in dispute. She claims that the evidence was in dispute as to whether Bryson Cleaning Service was an employee or agent of McClendon Carpet Cleaning Service, Inc. McClendon claims that Bryson was an independent contractor. If Walker can establish that Bryson was an employee or agent of McClendon, then McClendon may be found liable through vicarious liability. If it is proven that Bryson was an independent contractor, McClendon is not responsible *1010 for Bryson's actions. Blackmon v. Payne, 510 So.2d 483, 488 (Miss.1987).
¶ 7. To determine whether an employer-employee or independent contractor relationship existed, courts are not confined to the terms of a contract, but may look to the conduct of the parties. Richardson v. APAC-Mississippi, Inc., 631 So.2d 143, 151 (Miss.1994). This determination has long been a difficult task of courts in this state and as such a list of tests has been judicially created. Kisner v. Jackson, 159 Miss. 424, 428-29, 132 So. 90, 91 (Miss.1931). These tests were created in 1931 and are still used today. Heirs & Wrongful Death Beneficiaries of Branning v. Hinds Cmty. Coll. Dist., 743 So.2d 311, 316(¶ 29) (Miss.1999). They include:
1) whether the principal master has the power to terminate the contract at will;
2) whether he has the power to fix the price in payment for the work or vitally controls the manner and time of payment;
3) whether he furnishes the means and appliances for the work;
4) whether he [has] control of the premises;
5) whether he furnishes the materials upon which the work is done and receives the output thereof, the contractor dealing with no other person in respect to the output;
6) whether he has the right to prescribe and furnish the details of the kind and character of the work to be done;
7) whether he has the right to supervise and inspect the work during the course of employment;
8) whether he has the right to direct the details of the manner in which the work is to be done;
9) whether he has the right to employ and discharge the sub-employees and to fix their compensation; and
10) whether he is obliged to pay the wages of said employees.
Id. (citing Kisner, 159 Miss. at 428-29, 132 So. at 91). These are merely a few tests that help guide the court in determining the nature of the relationship. In fact, the supreme court has stated "that it is not possible within the limitations of the language to lay down a concise definition that will furnish any universal formula, covering all cases." Branning, 743 So.2d at 316 (¶ 29).
¶ 8. Here, an evaluation of most of the tests favor a determination that Bryson was not McClendon's employee or agent but an independent contractor. Bryson could have rejected the request for cleaning services, thereby terminating the contract, and the same could be said of McClendon by not referring projects to Bryson. The price of payment was determined by McClendon's contract with the property owner, here Crosswinds Apartment Complex, but McClendon and Bryson contracted for a 50% rate for compensation of services.
¶ 9. Walker alleged that McClendon furnished all of the means and appliances for the work. While that was technically true, the "rig" was furnished through a sale from McClendon to Bryson. The rig was not provided as a course of service. McClendon provided the cleaning chemicals for the job. McClendon did not control the premises, as that was in the domain of the apartment complex. Bryson received the referral of apartments to be cleaned from Crosswinds and it told him after the referral which apartments need to be cleaned. Crosswinds paid McClendon directly. McClendon provided an invoice to Crosswinds, but McClendon claimed that this was a trade practice. *1011 Indeed, our evaluation of these tests appears to lead to the conclusion that Bryson's relationship with McClendon was as an independent contractor.
¶ 10. However, in his sworn deposition, Bryson claimed that he was to be covered under McClendon's insurance. This indicates that McClendon assumed the liability for what may occur during carpet cleaning jobs on which it hired Bryson. McClendon argued that Bryson was confused or outright wrong on this fact. This is not a determination that needs to be made by the trial court ruling on a motion for summary judgment. "We do not try issues on a Rule 56 motion; this [c]ourt only determines whether there are issues to be tried." Saucier ex rel. Saucier v. Biloxi Reg'l Med. Ctr., 708 So.2d 1351, 1354(¶ 11) (Miss.1998) (citing Townsend v. Estate of Gilbert, 616 So.2d 333, 335 (Miss.1993)). Summary judgment is not the point to address the truth or veracity of the evidence. Instead, the court must simply determine if there is evidence in dispute. The supreme court has defined evidence in dispute when "one party swears to one version of the matter in issue and another says the opposite," as is the case here with Bryson's sworn deposition. Byrd v. Bowie, 933 So.2d 899, 902(¶ 7) (Miss.2006) (quoting Tucker v. Hinds County, 558 So.2d 869, 872 (Miss.1990)).
¶ 11. Further, both the trial court and this Court must view the evidence in the light most favorable to the non-moving party. Here, Walker receives the benefit of that presumption, not McClendon. Therefore, for purposes of the motion for summary judgment, this Court must accept the sworn testimony of Bryson that he was to be covered under McClendon's insurance. This evidence indicates that McClendon accepted the liability that might arise while Bryson was providing cleaning services at McClendon's request. During the hearing on the motion for summary judgment, the trial court judge expressed his doubts suggesting that the implication could be that Bryson was an employee or agent.

CONCLUSION
¶ 12. Accordingly, when viewing the evidence in the light most favorable to the non-moving party, we find that there is a genuine issue of material fact in dispute. This required the trial court and now this Court to deny the motion for summary judgment. We therefore find that the trial court erred in granting the summary judgment in favor of McClendon Carpet Service, Inc. The decision of the trial court is reversed and remanded for further proceedings consistent with this opinion.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS REVERSED AND REMANDED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.