MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. Linda Grandquest brought suit against Hershel L. McFarland,
 
 [1]
 
 Rebecca Williams, and Tommy Robertson in the Circuit Court of George County. Grand-quest purchased real property from Williams that was subject to a mortgage held by McFarland. Grandquest alleged that Robertson, an attorney, committed fraud and legal malpractice in failing to advise her of the lien. The circuit court granted summary judgment to Robertson alone and certified it as a final judgment under Mississippi Rule of Civil Procedure 54(b). Grandquest appeals. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. On May 11, 2006, Grandquest filed her complaint. She was not immediately able to serve process on any of the defendants other than Robertson, who answered on August 10, 2006. Robertson propounded discovery to Grandquest, and her deposition was taken, but Grandquest never sought discovery from Robertson. Robertson then moved for summary judgment, which was supported by his affidavit and excerpts from Grandquest’s deposition. Robertson argued that Grandquest had failed to produce any evidence of fraud or an attorney-client relationship. Grand-quest offered no additional evidence in response, but she argued that the evidence cited by Robertson was sufficient to create a genuine issue of material fact on each issue.
 

 ¶ 3. Owing to the limited record,
 
 [2]
 
 the facts are essentially undisputed. On May
 
 *326
 
 22, 2001, McFarland and Williams executed a deed of trust on the subject property, appointing Robertson as trustee. Williams subsequently contracted to sell the property to Grandquest. Grandquest paid one-half ($8,000) of the purchase price in advance. Williams told Grandquest that her attorney, Robertson, would “do the closing” and “take[] care of’ the paperwork. Grandquest testified that, based on Williams’s representations and her past experience with real estate closings, she believed Robertson would “do[ ] what he could do to make everything right in me purchasing [the property].”
 

 ¶ 4. Williams then arranged for Robertson’s office
 
 [3]
 
 to draft a “Warranty Deed” transferring the property to Grandquest, as well as an “Authority to Cancel Deed of Trust” that would terminate the mortgage on the property held by McFarland. “TITLE TO SAID LAND NOT EXAMINED” was printed on the warranty deed.
 

 ¶ 5. On September 13, 2002, Williams and Grandquest met at Robertson’s office, where Grandquest testified she was presented with the completed deed. Williams then signed the deed in Robertson’s office, and it was notarized by a member of Robertson’s staff. Grandquest then paid Williams the remaining balance on the property, and Grandquest wrote a check to Robertson in the amount of $57.50.
 
 [4]
 
 Grandquest did not recall seeing the “Authority to Cancel,” but Robertson’s affidavit stated that it was given to Williams.
 

 ¶ 6. The “Authority to Cancel” was never filed, and on May 12, 2003, Robertson, acting as trustee, foreclosed on the deed of trust held by McFarland.
 

 ¶ 7. The circuit court found no evidence of fraud or an attorney-client relationship between Robertson and Grandquest. It therefore granted summary judgment to Robertson on January 31, 2008. Grand-quest’s motion for reconsideration was denied on June 30, 2008, and this appeal was taken.
 

 STANDARD OF REVIEW
 

 ¶ 8. We review a trial court’s grant of summary judgment de novo.
 
 Treasure Bay Corp. v. Ricard,
 
 967 So.2d 1235, 1238(¶ 10) (Miss.2007). This Court “examines all the evidentiary matters before it— admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.”
 
 City of Jackson v. Sutton,
 
 797 So.2d 977, 979(¶ 7) (Miss.2001) (citations omitted). The moving party has the burden of demonstrating that no genuine issue of material fact exists, and the nonmoving party must be given the benefit of doubt concerning the existence of a material fact.
 
 Id.
 
 “If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in that party’s favor.”
 
 Monsanto Co. v. Hall,
 
 912 So.2d 134, 136(¶ 5) (Miss.2005).
 

 DISCUSSION
 

 I. Malpractice
 

 ¶ 9. Grandquest alleges that Robertson committed malpractice in failing to advise her of the lien on the property. She also alleges a cause of action for “conflict of interest” in Robertson’s subsequent foreclosure of the property as trustee.
 

 ¶ 10. To survive summary judgment in a legal malpractice case, a plaintiff
 
 *327
 
 must produce evidence on each of the following elements: (1) existence of a lawyer-client relationship, (2) negligence on the part of the lawyer in handling his client’s affairs entrusted to him, (3) injury, and (4) proximate cause.
 
 Hickox v. Holleman,
 
 502 So.2d 626, 633 (Miss.1987). The circuit court found that Grandquest failed to produce any evidence from which a jury could find the existence of an attorney-client relationship and, therefore, granted summary judgment to Robertson. On appeal, Grandquest argues that the payment of the $57.50 check to Robertson and Grandquest’s subjective belief that Robertson represented her is sufficient for a jury to find an attorney-client relationship.
 

 ¶ 11. The Restatement (Third) of Law Governing Lawyers section 14 (2000) states that the relationship of client and lawyer arises when:
 

 (1) a person manifests to a lawyer the person’s intent that the lawyer provide legal services for the person; and either:
 

 (a) the lawyer manifests to the person the consent to do so; or
 

 (b) the lawyer fails to manifest lack of consent to do so, and the lawyer knows or reasonably should know that the person reasonably relies on the lawyer to provide services; or
 

 (2) a tribunal with power to do so appoints the lawyer to provide the services.
 

 See also Singleton v. Stegall,
 
 580 So.2d 1242, 1244 n. 2 (Miss.1991).
 

 ¶ 12. Grandquest argues that she manifested her intent that Robertson represent her by tendering the check for $57.50, which Robertson accepted. However, on the circumstances presented, we find that this was insufficient. Grandquest stated in her deposition that she did not select Robertson; she did not direct him to prepare the documents or instruct him on which documents to prepare; and the documents had been prepared in advance, at what she believed was the seller’s direction. Grand-quest did not request or receive any legal advice from Robertson or his staff, and she testified that her belief that Robertson was responsible for ensuring that she received the property clear of any liens was based on her past experience with other transactions and representations made by the seller. In fact, in her deposition, Grandquest repeatedly referred to Robertson as “[Williams’s] attorney.” It appears, without contradiction in the record, that Grandquest paid the cost of the document preparation—which was undertaken by the seller—as part of the deal for the purchase of the property. The trial court did not err in finding this evidence insufficient to establish an attorney-client relationship.
 

 ¶ 13. Furthermore, assuming that an attorney-client relationship were established, we note that the “legal services” at issue were of limited scope—the preparation of a deed. The supreme court, discussing attorney-client privilege, has stated:
 

 [Privileged communications do not extend to one acting as a mere scrivener, although of the legal profession....
 

 An attorney who is requested to prepare a deed or mortgage, no legal advice being required, is not privileged, and may testify as to what comes to his knowledge in connection with such transaction. And when the terms of a contract have been agreed upon between the parties, and an attorney is after-wards employed as a scrivener merely to reduce the contract to writing, and no inquiry is made of him as to its legal effect, communications made to him, while thus engaged, will not be regarded as privileged....
 

 Rogers v. State,
 
 266 So.2d 10, 20 (Miss.1972) (quoting
 
 Randel v. Yates,
 
 48 Miss.
 
 *328
 
 685, 689 (1873)). There, the supreme court was “of the opinion the evidence was not privileged since it revealed nothing given in confidence, did not involve an attorney’s advice emanating from an attorney[-]client relationship, and in fact, related to the preparation of two deeds, the description of which was related to the secretary of the attorney.”
 
 Id.
 
 Clearly, then, the supreme court has recognized that a deed may be prepared by an attorney or his staff without the rendering of or the expectation of legal advice.
 

 ¶ 14. On this record, we find nothing to suggest that the services at issue concerned anything but the mere preparation of a deed; there is no evidence that legal advice was sought from or offered by Robertson. He cannot be found to have committed malpractice for failing to advise where no advice was contemplated by the representation. Likewise, concerning Robertson’s subsequent foreclosure on the property, other courts have held that no duty of loyalty to former clients exists where an attorney acted only as a “scrivener” in preparation of a deed.
 
 See Griffith v. Taylor,
 
 937 P.2d 297, 305-09 (Alaska 1997) (nonetheless finding a genuine issue of material fact where client alleged that attorney rendered legal advice). This issue is without merit.
 

 2. Fraud
 

 ¶ 15. To succeed on a claim for fraud, a plaintiff must prove, among other things, a false representation by the defendant.
 
 See, e.g., Hernandez v. Vickery Chevrolet-Oldsmobile Co.,
 
 652 So.2d 179, 183 (Miss.1995). Grandquest complained that the deed prepared by Robertson contained a “false legal description” of the property, but she produced no evidence to substantiate this allegation. We find that the trial court did not err in granting summary judgment on this issue.
 

 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF GEORGE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., CONCURS IS RESULT ONLY.
 

 [1]
 

 . McFarland subsequently died, and his estate was substituted as a party.
 

 [2]
 

 . The evidence before the court on summary judgment consisted only of Robertson’s affidavit, admissions in the pleadings, and ten pages excerpted from Grandquest's deposition. Grandquest's full deposition was not made a part of the record on appeal.
 

 [3]
 

 . Grandquest acknowledges that she never met Robertson, but she did testify to some interaction with a woman in his office named "Jennifer.”
 

 [4]
 

 . The check had a "For” line, but it was left blank.